DOMENICO ANIELLO *vs.* ANGELO A. MARCELLO, *as Director of Public Works.*

JUNE 24, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Roberts, J.   This petition for a writ of mandamus seeks to compel the respondent in his capacity as director of the department of public works to reinstate the petitioner as an employee of that department in accordance with the pertinent provisions of general laws 1956, §36-4-42.   The case is before us solely on a question of law.

The facts which are material to such determination as they appear in substance in the petition and record are as follows.   The petitioner had been temporarily employed by the department of public works as a highway right-of-way agent in the division of roads and bridges from May 11, 1953 until he was dismissed therefrom "For the good of the service" as of April 17, 1959.   He thereupon appealed the action of respondent to the personnel appeal board, purporting to act under the provisions of G. L. 1956, §36-4-42. The appeal board held a hearing which began on May 6, 1959 and, after being recessed on several occasions, was concluded on August 6, 1959.

At an adjourned session held on May 15 respondent contended that a temporary employee was not entitled to be heard on an appeal under §36-4-42.   The personnel appeal board, apparently treating this contention as a motion to dismiss the appeal of petitioner for want of jurisdiction, continued the hearing pending its decision thereon.   A subsequent session was held on July 23, 1959, at which time the appeal board filed an opinion in which the majority thereof held that it had jurisdiction to hear the appeal of one temporarily employed in the classified service, and denied the motion to dismiss the appeal.

The hearing was then continued to August 6 to permit respondent to present evidence, and at that time he declined to present evidence on the merits of the appeal.   The hearing was then concluded.   Thereafter, on that same day, the board found that petitioner here had been dismissed without reason and "therefore orders him reinstated to his

position as provided in Section 36-4-42 of the Merit System Law."

On August 13, 1959 the appointing authority, respondent in the instant case, petitioned this court for a writ of certiorari, praying therein that the record of the decisions of the personnel appeal board both as to the motion for a dismissal of the appeal for want of jurisdiction and on the merits be quashed. The writ issued as prayed returnable on October 5, 1959. On December 5, 1959 the appeal board, as respondent in that action, through counsel moved that the petition for the writ of certiorari be dismissed for want of prosecution "because the citation issued by this Honorable Court in said matter has never been delivered to the sheriff for service upon respondents." On January 4, 1960 the motion to dismiss the petition for certiorari was granted, and on January 5, 1960 petitioner herein filed the instant petition for a writ of mandamus.

It is well settled that mandamus will issue to compel a public officer, board, or commission to perform a ministerial duty. *McLyman ex rel. Hogan v. Holt,* 51 R. I. 96; *Newman v. Mayor of Newport,* 73 R. I. 435. It is appropriately used to compel the restoration to public office or employment of an incumbent or employee who has been wrongfully removed therefrom. We so held in *Chace v. City Council,* 36 R. I. 331, 341. See *Izzi v. Warwick School Committee,* 82 R. I. 76, and *Conley v. McCarthy,* 84 R. I. 141.

In this jurisdiction mandamus proceedings are governed by the rules of common law, both as to legal principles and procedure. The writ is prerogative in nature, and it is issued in the exercise of the discretion of the court having jurisdiction to act. *McCoy v. Nolan ex rel. Providence Journal Co.,* 74 R. I. 464. Concerning the issuance of a writ of mandamus we stated in *Sun Oil Co. v. Macauley,* 72 R. I. 206, at page 210: "It is generally well established that a writ of mandamus will issue only where the petition-

ers have a clear legal right to have the act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse; and where the petitioners have no plain and adequate remedy at law. It is not generally used to establish such a right and it is usually denied where such an alleged right is either uncertain or doubtful."

It does not appear that respondent disputes petitioner's allegation that he is without a remedy at law which would be adequate to accomplish his reinstatement in the employment from which he claims he was illegally removed by the order of respondent. Nor do we perceive that respondent contends that the restoration of petitioner to his prior position is not a ministerial act which he would be legally obliged to perform under the pertinent provisions of §36-4-42 if the appeal board had made a valid decision in favor of petitioner on the appeal.

With respect to such duty, §36-4-42 provides that appeals may be taken from actions of an appointing authority and for hearings on such appeals. That section further provides: "Within five (5) days after conclusion of the hearing the personnel appeal board shall render a decision which shall be final and binding upon all parties concerned, and upon the finding of the personnel administrator, or upon appeal, in favor of the employee, said employee shall be forthwith returned to his office or position, without loss of compensation, seniority, or any other benefits which he may have enjoyed."

It is our opinion that under these provisions of the act, upon the rendition of a decision by the appeal board in favor of an appealing employee, when said board was acting within the scope of the authority conferred upon it by the statute, it becomes the legal duty of the appointing authority to reinstate the employee in his prior position. In such circumstances the appointing authority is without discretion to refuse to so act.

We turn then to what we understand is respondent's objection to the issuance of the writ, which is that petitioner has not established that he has a clear legal right to be reinstated in his prior employment. In this he challenges the validity of the decision of the personnel appeal board in favor of petitioner on jurisdictional grounds. As we understand respondent's position, he contends, first, that the provisions of G. L. 1956, §36-3-10, confer no authority upon the personnel appeal board to hear and decide the appeal of a temporary employee from an action of an appointing authority affecting his employment status; and, second, that petitioner as a temporary employee was subject to summary dismissal from the state service and therefore was not a person entitled to appeal from an action of the appointing authority within the purview of G. L. 1956, §36-4-42. It is our further understanding that when the parties use the term "temporary employee," they have reference to an employee who has been appointed to a position temporarily by virtue of G. L. 1956, §36-4-31, and who has not acquired "full status" in the merit system.

We direct attention first to respondent's contention that the appeal board was without jurisdiction to hear an appeal brought by a temporary employee. We find such contention to be without merit. The appellate jurisdiction of the appeal board is conferred by G. L. 1956, §36-3-10, which authorizes that board to hear, among others, appeals "By any person in the classified service who has been discharged, demoted, suspended or laid off by any appointing authority."

We do not perceive that respondent is contending that the position of right-of-way agent in the department of public works is not a position within the classified service. Rather, he clearly argues that petitioner is not an employee in the classified service because he had not acquired full status as a permament employee. We do not agree with this conclusion. It is our opinion that a temporary em-

ployee may be in the classified service and that a determination of that question turns on whether the position occupied by him is within such service. See *State ex rel. Levy v. Pallotti*, 133 Conn. 334.

The language employed by the legislature in providing in our own statute for the appointment of temporary employees strengthens our conviction that one may be a temporary employee and still be in the classified service. In G. L. 1956, §36-4-31, it is provided that when there is in existence no appropriate list of eligibles for appointment to "a vacancy in the classified service," the appointing authority may nominate some person to fill the position, and if such nominee is found by the personnel administrator to have the required education and experience "he may be temporarily appointed to fill such vacancy." It is our opinion that this provision clearly indicates a legislative intent to authorize temporary employment in the classified service. That being so, petitioner, as a temporary employee, is clearly within the purview of §36-3-10 (2).

The contention that as a temporary employee he was subject to summary dismissal and therefore is not one entitled to claim an appeal under the provisions of §36-4-42 is likewise without merit. The appeal for which provision is made in §36-3-10 is required to be taken in accordance with the provisions of §36-4-42. The pertinent portion of that statute reads: "Any person who feels aggrieved by an action of an appointing authority resulting in a demotion, suspension, layoff, or dismissal * * * may, within ten (10) calendar days of the mailing of the notice of such action, appeal in writing to the personnel appeal board for a review or public hearing."

The respondent does not clearly reveal the basis upon which he predicates this argument. We assume, however, that he intends to argue that petitioner, as a temporary employee, could be summarily dismissed from his position and therefore is not a person aggrieved by the action of an

appointing authority within the purview of the statute, this because in such circumstances the action of the appointing authority would not be violative of any right vested in petitioner. There is authority supporting the proposition that a person is not aggrieved within the purview of statutes of this nature unless the officer or agency so acts as to be guilty of some infraction of law or exceeds his or its authority in making the ruling or decision from which the appellant seeks review, this because, absent such an action, there has been no litigated question of right to form the basis for an appeal under the statute. See *McKeon* v. *Warwick School Committee*, 77 R. I. 421.

The short answer thereto is that we are not aware that any provision in the merit system act empowers an appointing authority to summarily dismiss an employee who is in the classified service. The provisions of G. L. 1956, §36-4-38, which confer power to dismiss employees in the classified service clearly bar summary dismissals. The pertinent portion of the statute reads: "An appointing authority may dismiss a classified employee whenever he considers *the good of the service to be served thereby*. Any removal or separation of an employee from the classified service not otherwise provided for in this chapter shall be deemed to be a dismissal." (italics ours) In our opinion this statute neither by express provision nor by necessary implication excludes from its operative effect those employees in the classified service who have not acquired full status in that service.

The legislature in some provisions of this act has expressly distinguished between persons temporarily employed and those who had become permanent employees in the sense that they had acquired full status. In G. L. 1956, §36-4-23, the legislature, in providing for the establishment of re-employment lists in the classified service, restricted the right to be placed thereon to those employees who had acquired full status at the time of their separation from the

state service. In G. L. 1956, §36-4-37, in providing for preference for retention in employment when layoffs become necessary, it gave such preference to those employees who had acquired full status. The legislature's action in these cases is, in our opinion, persuasive that had it been intended that the provisions of §36-4-38, controlling dismissals, would be limited to those employees in the classified service who had acquired full status or, as described by the parties, were permanent employees, it would have so provided in express terms.

In holding that this statute does not empower an appointing authority to summarily dismiss an employee in the classified service, we attach significance to the provision therein that the power thus conferred on the appointing authority is limited to situations wherein he considers his action to be for "the good of the service." Such language, in our opinion, has the effect of limiting the valid exercise of that power to dismiss for cause.

It is well settled in this jurisdiction that statutes empowering an administrative agency to act "for cause" indicate a legislative intention that the agency act in a judicial, or at least in a quasi-judicial, capacity. In *Narragansett Racing Association Inc.* v. *Kiernan,* 59 R. I. 79, the court stated at page 83, "It is our opinion that the words 'for cause' in this section limit the power of the division to order removal of an employee and official of a licensee and require the presence of substantial grounds, established by legally sufficient evidence, in order to support such action." We are of the opinion that the phrase "good of the service" in the instant statute has a like effect and that any employee in the classified service who was dismissed under the section in question would be entitled to a hearing whereat the appointing authority would be required to establish that the dismissal was based on substantial grounds.

When §36-4-38, empowering the appointing authority to dismiss classified employees, is read together with the pro-

visions of §36-4-42, authorizing a potential appellant thereunder to ask "for a review *or public hearing,*" it becomes clear that the legislature contemplated that an employee dismissed under §36-4-38 would, upon his timely application therefor, be granted a hearing on the validity of the reasons for such dismissal. (italics ours) This view is strengthened when we consider the purpose for which the merit system act was enacted. In §36-3-2 thereof it is stated that, among other things, the act is intended "to establish conditions of service which will attract officers and employees of character and capacity and to increase the efficiency of the governmental departments and agencies by the improvement of methods of personnel administration." It certainly cannot be reasonably argued that the dismissal provision of the act, if construed as authorizing summary dismissals even of employees who have not attained permanent status, would constitute a construction consistent with the purposes of the legislation as expressly stated by the legislature.

It is our conclusion that the personnel appeal board had jurisdiction to hear and decide the appeal of the petitioner from the order of the respondent dismissing him from his position in the department of public works. Section 36-4-42 provides that where, after a hearing upon such an appeal, there is a finding "in favor of the employee, said employee shall be forthwith returned to his office or position, without loss of compensation, seniority, or any other benefits which he may have enjoyed." The finding of the personnel appeal board was in favor of the petitioner, and therefore the statute imposes upon the respondent a mandatory duty to return the petitioner to his position. This duty is ministerial, and mandamus will lie to compel him to perform that duty.

The relief prayed for in the petition is granted, and mandamus may issue commanding the respondent to reinstate the petitioner in his former position in accordance with law.

*Hugo L. Ricci,* for petitioner.

*William F. Fadalgo,* for respondent.