JAMES E. ROUNDS *vs.* ANTHONY R. PARSHLEY *et al., as Members of the Personnel Appeal Board of the State of Rhode Island.*

MARCH 2, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the personnel appeal board denying and dismissing the petitioner's appeal from an order of an appointing authority terminating his temporary appointment as a senior engineering aide in the department of public works of this state.

The petitioner was appointed on April 11, 1960, under the provisions of G. L. 1956, §36-4-31, which authorizes tem-

porary appointments to fill vacancies in the classified service under the conditions therein prescribed. On June 24, 1960 the case of *Aniello* v. *Marcello*, 91 R. I. 198, 162 A.2d 270, was filed. In that case we held that under the state merit system act, as it then stood, the personnel appeal board had jurisdiction under §36-3-10 to hear and decide appeals of temporary employees in the classified service and that such temporary employees came within the purview of §36-4-42. Section 36-4-42 granted the right of appeal to "any person" who felt aggrieved by the action of an appointing authority in certain circumstances therein prescribed.

After the decision in *Aniello,* the legislature amended the act by enacting P. L. 1961, chap. 29, which became effective on April 12, 1961. The changes pertinent to the issue in this case involve §§36-3-10, 36-4-31, 36-4-38 and 36-4-42.

Section 36-3-10 as amended limits the jurisdiction of the board to appeals by persons with probationary or permanent status in positions in the classified service. The pertinent portion of §36-4-31 as amended reads as follows:

> "All persons who have been or who shall be temporarily appointed to such vacancies shall serve at the pleasure of the appointing authority or until removed in accordance with other provisions of this chapter."

Section 36-4-38 was amended to provide that:

> "A classified employee with temporary status may be dismissed at the pleasure of an appointing authority under the provisions of 36-4-31 of this chapter. * * *"

And §36-4-42 as amended limits the right of appeal only to persons having probationary or permanent status in the classified service.

The position of senior engineering aide which petitioner held is in the classified service under the act. He continued in this position with temporary status until May 18, 1961, when he received a notice of dismissal, effective May 20, 1961, stating that his services were no longer required. He

thereupon filed a written claim of appeal with the personnel appeal board pursuant to the provisions of §36-4-42, as the act read prior to the enactment of P. L. 1961, chap. 29.

The board denied and dismissed the appeal on the ground that under the provisions of that chapter they had no jurisdiction to hear the same and petitioner had no such right of appeal.

The question raised on this appeal is whether chap. 29 is constitutionally valid. There is no contention that any written contract has been entered into between the petitioner and the state.

The petitioner contends that the state merit system act establishes an implied contractual relationship between the state and those in the classified service; that he is entitled to the substantive benefits of the act as it existed at the time he was employed by the state; that prior to the enactment of chap. 29, as a classified employee with temporary status he had the right to an appeal from a dismissal and a hearing at which the appointing authority had to establish by competent evidence that the dismissal was based on substantial grounds; and that, therefore, as applied to him chap. 29 is unconstitutional because it violates his rights under article I, sec. 10, of the constitution of the United States and art. I, sec. 12, of the constitution of Rhode Island, which prohibit the state from passing any law impairing the obligation of contracts.

In support of his argument he relies on certain language in §36-3-2 and on the decision in *Indiana ex rel. Anderson* v. *Brand*, 303 U. S. 95, which held that the Teachers Tenure Act of Indiana constituted a contract between the state and its teachers and that a subsequent act permitting dismissal of teachers without cause and without the right to a hearing was unconstitutional. In our opinion the statute involved in that case differs materially from the one in the case at bar, and for that reason is not in point and requires no further discussion.

There is no merit to petitioner's contention that the use of the word "guarantee" in §36-3-2 indicates a legislative intent to establish a contractual relationship between the state and persons appointed as temporary employees in the classified service pursuant to the provisions of §36-4-31 as that section read prior to the enactment of chap. 29. It is true that §36-3-2 sets forth the purpose of the merit system act, but it is only a statement of legislative policy. There is nothing in the act, as it then stood, indicating a legislative intent to establish a contractual relationship between the state and such employees.

In the absence of a contractual relationship, the constitutional prohibition against laws impairing contracts does not apply. The legislature, except where prohibited by other constitutional provisions, has the power to deal with a public office, as distinguished from an employment under a contract, absolutely as it pleases. 16 C.J.S. Constitutional Law §314, p. 1346. It is our opinion, therefore, that in enacting P. L. 1961, chap. 29, the legislature was acting within its power. *Gorham* v. *Robinson*, 57 R. I. 1, 59.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the papers certified are ordered returned to the respondent board with our decision endorsed thereon.

*Gorham & Gorham, John Gorham,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State, for respondents.