Harold R. Shippee, Jr. *vs.* Anthony R. Parshley *et al. as Members of the Personnel Appeal Board.*

JUNE 15, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for certiorari brought to review a decision of the personnel appeal board, hereinafter called the board, and seeking to have this court quash a portion of said decision. We issued the writ and in compliance therewith the respondent board duly certified the pertinent records to this court for our inspection.

It appears therefrom that petitioner was a temporary appointee in the classified service of the state, holding the position of supervisor of methods and research within the division of the budget, department of administration, when he was notified by the director of administration, hereinafter called the director, that he was terminated from said position as of February 24, 1961. Thereafter petitioner duly appealed to respondent board pursuant to the provisions of G. L. 1956, §§36-3-10 and 36-4-42, as construed by this court in *Aniello* v. *Marcello,* 91 R. I. 198, 162 A.2d 270.

The record further discloses that prior to March 7, 1961 the director forwarded to petitioner what purported to be a corrected termination notice, describing his termination as a "lay-off." Thereafter, namely, on March 10, 1961, petitioner filed a second appeal in writing with respondent board.

On October 5 and 19, 1961 the board conducted a hearing in connection with petitioner's appeal. The petitioner charged that he had been discriminated against for political

reasons in violation of G. L. 1956, §36-4-42, which provides as follows:

"Any person who feels aggrieved by an action of an appointing authority resulting in a demotion, suspension, layoff, or dismissal or by any personnel action which an appointing authority might take which causes the person to believe that he has been discriminated against because of his race or his political or religious beliefs, may, within ten (10) calendar days of the mailing of the notice of such action, appeal in writing to the personnel appeal board for a review or public hearing. Within five (5) days after conclusion of the hearing the personnel appeal board shall render a decision which shall be final and binding upon all parties concerned, and upon the finding of the personnel administrator, or upon appeal, in favor of the employee, said employee shall be forthwith returned to his office or position, without loss of compensation, seniority, or any other benefits which he may have enjoyed."

After hearing argument of counsel on November 30, 1961, the board on January 19, 1962 rendered a decision wherein a majority found that petitioner's termination was politically motivated. The decision concluded with, "The majority of the Board finds that he is entitled to have retained his position from the time of the separation until the date of the passage of the Doris Bill, and is entitled to his salary for that period."

Subsequent to petitioner's appeal but prior to the hearing the general assembly enacted P. L. 1961, chap. 29, which became effective April 12 of that year and amended §36-4-42. It was this act to which the majority members had reference in their use of the terminology "the Doris Bill." It was designed to restrict the right of appeal to employees within the classified service of the state having probationary or permanent status. Subsequent to its enactment we held in *Rounds* v. *Parshley*, 94 R. I. 99, 178 A.2d 444, that a temporary employee, such as petitioner here, could no long-

er appeal and did not come within the holding of this court in *Aniello* v. *Marcello, supra.*

It is petitioner's contention that the jurisdiction of the board is limited by the expressed provisions of G. L. 1956, §36-4-42, and that nowhere therein is the board vested with jurisdiction to qualify or limit the effect of a finding that an appellant is entitled to be returned to his position.

In his argument petitioner refers to the language employed by the legislature prior to the enactment of the applicable amendment of the controlling section. We do not deem it necessary to review the legislative history as exhaustively as has petitioner in this regard. It suffices to contrast the provisions of the applicable section, P. L. 1955, chap. 3605 (G. L. 1956, §36-4-42) with the provisions of P. L. 1954, chap. 3324, which the applicable statute amended.

The provisions of the 1954 act are as follows:

"(3) ***. Within 5 days after conclusion of the hearing the personnel appeal board shall render a decision which may confirm, reduce, or reinstate without loss of pay, the demotion, suspension, layoff, or dismissal of the employee and order payment of part, or all, of the salary to the employee for the period of time he was demoted, suspended, laid off, or dismissed. The board's decision shall be final and binding upon all parties concerned, and upon the finding of the personnel administrator, or upon appeal, in favor of the employee, said employee shall be forthwith returned to his office or position without loss of compensation, seniority or any other benefits he may have enjoyed, or under such terms as the appeal board shall determine."

The petitioner contends that by striking the phraseology "or under such terms as the appeal board shall determine" the legislature expressly divested the board of jurisdiction to define the period of time to which petitioner was entitled to be reinstated. We are of the opinion that there is merit in this contention. Indeed, considered independently of P. L. 1954, chap. 3324, the provisions of the 1955 amend-

ment cannot be reasonably so construed as to authorize the board to do any more than pass upon the merits of the appeal before them and render their decision thereon. The determination in the instant cause that petitioner was entitled to be made whole only for a period terminating April 12, 1961, was purely gratuitous and wholly in excess of the board's jurisdiction. That specific portion of the board's decision must therefore be quashed. The question as to what petitioner's rights may be since the passage of the "Doris Bill," not being cognizable by the board under petitioner's appeal, is not before us in these proceedings.

The petition for certiorari is granted, that portion of the decision of the personnel appeal board inconsistent with this opinion is quashed, and the records certified to this court are ordered returned to the board with our decision endorsed thereon.

*Alfred M. Silverstein, Christopher DelSesto, Christopher T. DelSesto,* for petitioner.

*J. Joseph Nugent,* Attorney General; *Joseph L. Breen,* Chief Special Counsel, for respondents.