232 A.2d 375.

CHARLES F. REYNOLDS *vs.* GEORGE A. LAMB *et al.*

JULY 25, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

558

Roberts, C. J. This petition in equity in the nature of quo warranto was brought in this court pursuant to G. L. 1956, §10-14-1, against Joseph L. Savick, Jr., as acting city manager of the city of East Providence, and against the several members of the city council of that city, to challenge the legality of the action of said city council in removing the petitioner from the office of city manager by a vote of the city council on January 4, 1967.

It is not disputed that petitioner was appointed city manager of the city of East Providence by a vote of the respondent city council on May 12, 1966, pursuant to the provisions of sec. 2-10 of the East Providence city charter. The appointment was for an indefinite term as is provided for in the pertinent provisions of sec. 2-11 of said charter. Neither is it disputed that on December 6, 1966 petitioner was "* * * immediately suspended from the performance of any further

duties as the City Manager of the City of East Providence * * *" by a vote of respondents in their capacity as a city council. Thereafter, petitioner requested a public hearing as is provided for in sec. 2-11 of the charter. This meeting was held on January 4, 1967, and at its conclusion, respondents, acting as the city council, passed a resolution removing petitioner from the office of city manager forthwith.

The petitioner now contends that his removal was illegal, arguing that sec. 2-11 of the city charter, which provides for removal procedures, contemplates removal for just cause determined at a hearing that is quasi-judicial in character. The respondents take a contrary position, maintaining that the city manager may be removed from office for such cause as the city council deems sufficient and that sec. 2-11 of the city charter contemplates a hearing that is legislative in character.

Section 2-11 of the city charter reads as follows:

"The Council shall appoint the City Manager for an indefinite term and may remove him by a majority vote of its members. At least thirty (30) days before such removal shall become effective, the Council shall by a majority vote of its members adopt a preliminary resolution stating the reasons for his removal. The Manager may reply in writing and may request a public hearing which shall be held not earlier than twenty (20) days nor later than thirty (30) days after the filing of such request. After such public hearing, if one be requested, and after full consideration, the Council by majority vote of its members may adopt a final resolution of removal. By the preliminary resolution the Council may suspend the Manager from duty, but shall in any case cause to be paid him forthwith any unpaid balance of his salary and his salary for the next three (3) calendar months following adoption of the preliminary resolution."

The thrust of petitioner's contention is that the provisions of sec. 2-11 of the city charter contemplate removal only for cause and that the reasons stated in the resolution

of respondent city council on January 4, 1967, removing him from office are arbitrary and capricious and do not constitute just cause for his removal.

In this argument he relies on the rule laid down by this court in *Mellor* v. *Leidman,* 100 R. I. 80, 211 A.2d 633, wherein we held that the provisions of a removal clause in the charter of the city of Cranston require that prior to removal a city clerk be given a quasi-judicial hearing on the issue of cause sufficient to warrant removal. In 100 R. I. 85, 211 A.2d at 637, we said: "It has long been settled in this state that removal proceedings acquire quasi-judicial status when the law vesting the power to remove in a local body indicates that it shall be *for cause* and requires notice of charges, a hearing and an opportunity for the person sought to·be removed to present evidence in his own behalf."

We then went on to say in that opinion that "The nature of the required hearing being judicial, the reason advanced for removal may not be arbitrary and must rest on substantial grounds." In short, petitioner is arguing, first, that the provisions of sec. 2-11 do establish a requirement that his removal be preceded by a quasi-judicial hearing and that it cannot be accomplished other than for substantial reason. He then argues that the grounds found by the city council for warranting his removal are arbitrary, capricious and insubstantial.

The respondents argue that the statutory provisions quoted above do not contemplate removal for cause after a quasi-judicial hearing but rather that the city manager may be removed for such cause as the council deems sufficient and that the hearing provided for in sec. 2-11 is a proceeding administrative in character. In pressing this argument, respondents place substantial reliance upon *Bowen* v. *Mayor and Council of the City of Long Branch,* 79 N. J. Super. 177, 191 A.2d 79. In that case the superior court of New Jersey relied substantially on the decision of this court in

*Nugent ex rel. Beck* v. *Leys,* 88 R. I. 446, 149 A.2d 716. The respondents, in so arguing, advance the theory that if this be the thrust of sec. 2-11, the dismissal need not necessarily be for cause, and the issue of whether the reasons given for the removal of the manager constitute just cause is immaterial. We are unable to agree, however, that *Nugent ex rel. Beck* v. *Leys* is authority for the position taken by respondents, although we concede that the removal provisions contained in the Newport city charter are similar in detail to that contained in the East Providence charter.

As this court noted in *Nugent ex rel. Beck* v. *Leys,* in addition to the removal provisions of the city charter, sec. 5-1 thereof provided for the engagement of a city manager, specifically providing that the "* * * relationship between the city and the city manager shall be contractual and not that between a municipality and a civil officer." The court went on to say, 88 R. I. 452, 149 A.2d at 720: "It is clear from the terms of the contract between relator and respondents that the former accepted his engagement subject to dismissal at the will of respondents, in the manner adopted by them, and cannot now complain unless, as relator contends, respondents are without jurisdiction to deprive him of a hearing, quasi-judicial in nature." It is clear that the charter provisions for removal in the Newport charter were to be construed in the light of the fact that the manager in that case held office by virtue of a contract and, in our opinion, the decision must be regarded as standing on that ground. Therefore, we do not consider it as constituting precedent on the question of whether similar charter provisions should be construed as permitting removal without cause after a legislative hearing.

The question is then whether, in view of the test stated in *Mellor,* the provisions of sec. 2-11 of the East Providence charter providing for a hearing are such as to require us to hold that the hearing contemplated therein is judicial in character and that removal may be had only for good cause

and not a result of arbitrary action. There is in sec. 2-11 no enumeration of the rights of the incumbent with respect to such a hearing as appear in the Cranston charter. The pertinent provisions thereof expressly provides that the incumbent shall be given written notice of an intention to remove him, that he may be represented by counsel, that the removing authority must require the attendance of witnesses in his behalf, and that he has the right to present evidence in his own behalf. It is clear that these charter provisions contemplate a hearing that is judicial in character.

We cannot, however, so view the provisions of sec. 2-11 of the East Providence charter. The express terms thereof provide only that a preliminary resolution for removal must be adopted, obviously to give notice to the incumbent, and that the incumbent may "* * * reply in writing and may request a public hearing * * *" which shall be held within fixed time limitations. No hearing is required under this charter unless the incumbent manager so requests. Nothing contained therein directs that the incumbent be permitted the right to produce evidence, the right to counsel, or the right to require the production of witnesses such as are express provisions of the Cranston charter. It simply provides that after such a public hearing, if one be requested, "* * * and after full consideration, the Council by majority vote of its members may adopt a final resolution of removal."

Were this issue necessarily decisive of the instant case, we would be inclined strongly to question whether the provisions of sec. 2-11 of the East Providence charter contemplate anything more than a hearing legislative in character. However, because petitioner concedes in his brief that the hearing afforded him under said sec. 2-11 was quasi-judicial and rests this petition on the ground that the reasons upon which his removal was predicated were insufficient to constitute good cause for such removal, it is not necessary at

this time to decide whether the hearing contemplated in the section is legislative or, to the contrary, is judicial. Therefore, if we assume without deciding that the hearing contemplated therein is judicial in character, it is proper to proceed to the question raised in the second issue, that is, whether the grounds upon which the removal was based constitute sufficient cause therefor.

The first ground of removal, as stated by respondent city council, was that petitioner "* * * has failed to take up residency within the City of East Providence during his tenure of office, in violation of Article III, Section 1 of the City Charter of the City of East Providence." The pertinent portion of said sec. 3-1 of the charter with respect to the residency of the city manager reads as follows: "At the time of his appointment, he need not be a resident of the city or state, but during his tenure of office he shall reside within the city." It is not disputed that petitioner at no time during his tenure of office resided in the city of East Providence, a period of approximately seven months.

The petitioner contends that his failure to take up residency resulted, in part, from assurances that he could take as much time as he needed to procure a residence within the city and, in part, because of numerous newspaper articles which indicated that he would be dismissed in December 1966, when the new council convened. He also argues that during that time no member of the council urged that he take up residence or criticized the fact that he had not. We cannot agree that any of these reasons would serve to nullify the requirement of the city charter for residency during his tenure in office.

We cannot fail to recognize as significant the fact that the residency requirements are part of the organic law of the city and that the people, in adopting their charter, ordained that a city manager, while holding the office, would be required to reside within the city. Other than providing

that such residency need not exist at the time of his appointment to office, it makes no exception to the requirement therefor. Nowhere in the charter is any municipal officer authorized to waive this provision of the charter, nor is the city council in any manner empowered to authorize noncompliance therewith. Even conceding that the charter provisions contemplate that some reasonable period of time elapse between appointment and the establishment of the required residency without constituting such noncompliance as to violate the charter provisions, in the instant case such noncompliance extended over the full period of seven months of petitioner's tenure.

We are unable to say that the petitioner's failure to take up residency within the city for a period of seven months did not violate the charter provision requiring such residency. Neither can we say that the charter provision contemplates that such a period of time might elapse without acquiring residency and not be violative of the pertinent provision of the charter. In short, we are unable to say that in finding noncompliance with the charter the city council abused its discretion in this respect. Because we so hold, it is not necessary to consider whether the other reasons for removal were insubstantial.

The petition is denied and dismissed, and at their convenience the parties may appear in chambers to present a decree in accordance with this opinion for entry by the court.

*Charles F. Cottam,* for petitioner.

*Stephen R. Walsh,* City Solicitor, for respondents.