284 A.2d 586.

WILLIAM J. McGAIR vs. ABRAHAM GOLDSTEIN.

DECEMBER 14, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This petition in equity in the nature of quo warranto was brought in this court pursuant to G. L. 1956 (1969 Reenactment) §10-14-1. The petitioner William J. McGair, a suitor in his own name, claims title to the office of judge of probate in the City of Cranston, and prays for the ouster of the incumbent, Abraham Goldstein.

The facts are not in dispute and may be briefly stated. On the first Monday of January 1969 the then newly-elected members of the Cranston City Council organized, and acting under authority of section 4.02 of the charter,[1]

[1]Section 4.02 of the Cranston charter in pertinent part provides: "The judge of probate shall continue to be chosen by the council for a term of two years from the first Monday in January following each council election."

elected petitioner to the office of judge of probate for a term of two years. He promptly assumed office and was still serving when the succeeding council organized on the first Monday in January 1971. One of the items on its agenda at that meeting was the selection of a judge of probate. Only one person — and he is a stranger to these proceedings — was nominated. When he failed to receive the necessary affirmative votes, the matter of the election of a probate judge was continued until the next meeting when once again a failure to elect resulted in a further postponement of the election. Finally, at a third meeting held on February 22, 1971, respondent was able to muster the affirmative votes of a majority of the council, and he was elected probate judge. He held court for the first time on February 25, 1971, and has since been the incumbent.

The petitioner claims that he lawfully holds the office of judge of probate, and that respondent is a usurper. His arguments in support are not convincing. They start with a concession that respondent would have legally succeeded him in office had there been a valid election on the day the council organized, or if the election, whenever held, had been to fill the unexpired term of an incumbent who had been removed, or who had died or resigned while in office. Having conceded that much, petitioner then argues that under section 4.02 the council's authority to elect a probate judge for a full term could only be exercised on the day it organized and not thereafter; that a consequent of its failure to elect on that date was that he, as the incumbent, by operation of law acquired title to the office for an additional two-year term; that his renewal term has not yet expired; that he has not been removed as provided by law; and that he therefore continues to rightfully hold title to the office.

The petitioner supports his position with a broadside of arguments, but the one primarily relied upon is that *Mellor*

v. *Leidman,* 100 R. I. 80, 211 A.2d 633 (1965), if followed here, entitles him to retain the office. In that case we held that the indefiniteness of the term of an official sought to be removed does not insulate the council from the necessity of complying with the requirements for an ouster prescribed in section 3.18 of the charter.[2] Drawing upon that case and arguing from the premise that he, and not respondent, was rightfully in office, petitioner insists that the only way the council could take that office from him was by removal. Then, equating respondent's election with a removal, he contends that it was abortive because of noncompliance with the procedural safeguards of section 3.18.

The petitioner's argument misses the point of *Mellor* v. *Leidman, supra.* There was no controversy in that case as to whether or not the person ousted was serving a term. It was agreed that she was. The controversy was whether compliance with section 3.18 was a precedent to the ouster of one serving an indefinite term. The threshold question here, however, and the one on which the necessity for compliance with section 3.18 hinges, is whether petitioner, when ousted, was holding the office of probate judge for a renewal term or as a hold-over pending only the selection and qualification of his successor.[3]

---

[2]Section 3.18 in substance requires that the council may not remove one of its appointees unless he be advised of the reasons for his discharge, be given notice of and afforded a public hearing, have the assistance of counsel and an opportunity to be heard in his own defense, and be permitted to secure the attendance of witnesses and to compel the production of documents.

[3]General Laws 1956 (1970 Reenactment) §45-4-15 provides that: "All town officers shall hold their offices until the next election of town officers, and thereafter until their successors shall be lawfully qualified to act; unless where it is expressly provided to the contrary."

On that question we believe that *Little* v. *Iannuccillo*, 100 R. I. 336, 215 A.2d 421 (1965), a case which is factually quite similar, sets forth the controlling principles. There, the Governor appointed a parole board member in February, even though the controlling statute said that the appointment should be made in January.[4] The question for us was whether the statutory provision fixing January as the month for the appointment was mandatory or directory, and whether it limited the Governor's appointive power or inhibited its exercise save in that month. Its construction, we said, depended upon whether we could find anything in its underlying purpose or in its language which prohibited the exercise of the power to appoint in some other month or at a future time; whether it justified the inference that the time mentioned was a limitation; or whether it directly or by reasonable implication indicated a legislative intention that the power to appoint might not be as effectively exercised in one month as in another. We answered those questions in the negative, and then said, "In the circumstances, common sense dictates the conclusion that the respondent lawfully holds office as a member of the parole board." 100 R. I. at 339, 215 A.2d at 423.

In this case, application of the *Little* standards, as well as common sense, inevitably leads us to conclude that the respondent lawfully holds office as judge of probate in the City of Cranston and that he cannot on this record be ousted.

---

[4]General Laws 1956, §13-8-1, the then controlling statute, read as follows: "Within the department of social welfare there shall be a parole board consisting of three (3) qualified electors of the state appointed by the governor. In the month of *January* in each year, the governor *shall* appoint one (1) member of said board to serve for a term of three (3) years and until his successor has been appointed and has qualified." (italics ours)

The petition is denied and dismissed and a decree in accordance with this opinion may be presented for entry by the court.

*Del Sesto & Del Sesto, Christopher T. Del Sesto, Jr.,* for petitioner.

*Harry Goldstein, Abraham Goldstein,* for respondent.