JOHN R. HANNA *vs.* BOARD OF ALDERMEN OF CITY OF
PAWTUCKET *et al.*

JUNE 29, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Stearns, C. J. This is a petition for a writ of *certiorari* for the purpose of quashing the record of the board of aldermen of the city of Pawtucket wherein said board by resolution dismissed the petitioner as chief of police and as a member of the paid police department.

The writ issued and the respondents have moved to dismiss the petition. Petitioner has been a member of the police department for twenty-one years. He was elected chief of police in November, 1932, and was removed by the board of aldermen May 3, 1934, after a hearing and a determination that the proof of two of the charges on which he was tried "constituted misconduct or incapacity of such character referred to said John R. Hanna as to constitute in him a disqualification for the office of chief of police and as a member of the paid police department."

Petitioner was found guilty of only two of the thirty-five charges on which he was tried, namely, that he permitted a house of ill-fame to exist in the premises at No. 230 North Main Street and permitted a violation of the liquor and vice laws in the premises at No. 182 Pleasant street in the city of Pawtucket.

The board of aldermen consists of six members. The authority for the appointment and removal of members of the police department in the city charter (P. L., January Session 1885, C. 474, s. 4, clause 2, as amended by P. L., January Session 1901) is as follows: "The mayor and aldermen may appoint, upon nomination of the mayor, so many and such police officers, including the chief of police, as the ordinances of the city council may determine. The chief of police shall superintend the police force under the direction of the mayor." The mayor may, at any time, suspend any such officer "provided however, that the members of the paid police department of said city shall not be subject to removal from office at any time except for

misconduct or incapacity of such character as the board of aldermen may deem a disqualification for said office and all such removals shall be by the board of aldermen by a three-fifths (⅗) vote of said board, upon charges made in writing and of which the officer complained of shall have notice and opportunity to be heard thereon."

Three of the respondents, Messrs. Blais, McCarthy and Kenney, were the members of the aldermanic committee on police which by a city ordinance had authority to supervise the general administration of the police department. On March 10, 1934, the said Blais, McCarthy and Kenney delivered to the mayor and the board of aldermen a written communication in substance as follows: that, as the committee on police for some time, they "have been investigating evidence presented to said committee which shows that the chief of police of Pawtucket, John R. Hanna, has, either through gross incapacity or willful neglect, failed faithfully to perform the duties of his office and has failed to enforce consistently and effectively the statutes of the State and the ordinances of the city of Pawtucket in that (1) as chief of police it was and is his duty to enforce the laws of the State which make it unlawful for any person to sell intoxicating liquors without first having obtained a license therefor; (2) it was his duty to eliminate from the city houses and resorts where vice exists, but instead of so performing his duty, he has allowed houses of ill-fame to continue to operate; (3) it was his duty to take effective and immediate action against persons violating the liquor and vice laws; when evidence of such violation has been presented to him he has ignored such evidence and has failed to act thereon; (4) it was his duty to enforce discipline in the police department but he permitted the discipline of the department to become impaired; wherefore, the committee on police and licenses respectfully recommends to your Honor and Board of Aldermen that, for the reasons above stated, the aforesaid chief of police, John R. Hanna, be removed as chief of police of the City of Pawtucket."

A bill of particulars containing thirty-five charges was the basis of the hearing. A transcript of the testimony has been filed in this court by petitioner with the consent of respondents. Petitioner protested to the board of aldermen against the sitting of Blais, McCarthy and Kenney as members of the board to hear and decide said charges. This protest was overruled and these three members continued to sit and take part in the trial and decision of the board. At the conclusion of the hearing they, with two other members of the board, voted to adjudge petitioner to be guilty of two of the charges.

The resolution to take such action was presented and moved by Mr. McCarthy. Before the vote on the resolution was taken the mayor, who was a witness for petitioner, stated that, as head of the police department, he was probably more familiar with the situation than any of the members of the board; that, as the repeal of the prohibition law was pending and finally became effective, it was a time of uncertainty and the method of handling the new liquor licenses and the liquor business was a problem; that the board adopted a policy of granting liquor licenses to be paid for on the installment plan; that a license, however, was not issued until final payment was made; that in the meantime the prospective licensee was permitted to carry on his liquor business and, by an understanding with the city officials, no objection was to be made so long as he complied with the provisions of the license laws; that as he, the mayor, knew the facts, he had refused, at the request of some of the members of the board, to suspend the petitioner for failing to take action in certain cases as the petitioner was following what he understood to be his instructions. The mayor then declined to put the question and, at his request, the president of the board took the chair and put the question on the resolution which was passed by a vote of five in the affirmative and one—Mr. Knott—in the negative.

Petitioner contends (1) that he had not had a fair and an impartial hearing as required by the city charter; (2) that

there is no competent or legal evidence to sustain the decision of the board. By the provisions of the city charter the power of removal can be exercised lawfully only upon charges made in writing and after notice to and a hearing given petitioner. Such a hearing is judicial in character and the removal from office can only be for cause, which must be supported by some evidence.

This court on a writ of *certiorari* will not consider the weight of the evidence. But, if the findings of fact by an inferior tribunal are contrary to any reasonable conclusion from the evidence or are not supported by any competent evidence, such findings of fact are without legal authority and constitute an error of law which will be corrected on a writ of *certiorari*. *McCarthy* v. *Aldermen, Central Falls*, 38 R. I. 385; *Baur* v. *Town Council of Narragansett*, 39 R. I. 500.

In 2 Dillon, Municipal Corp., (5th ed.) p. 795, it is stated that statutory provisions conferring the power of removal for cause, after notice and a hearing, are intended as a substantial limitation upon the general power of removal conferred upon the respective departments of the city government and to secure the continuance in office of the person employed until a reasonable cause, other than the pleasure of the heads of the department or a change in the political character of the majority, should exist for his removal.

In *Bergeron* v. *Batchelor*, 46 R. I. 224, this court said, with respect to a similar statute, that its purpose was the protection of the public by an efficient police force and also the protection of the members of the police force from arbitrary action by the board having the power of removal.

The board of aldermen, when sitting as the triers of the charges, were acting as a *quasi* judicial body, and therefore were bound by the fundamental principles that are binding upon all judicial bodies. See *Clark* v. *Alcoholic Beverage Com.*, 54 R. I. 126.

The hearing required by the statute must be fair and impartial.

The committee on police were acting lawfully in making an investigation of the conduct of the police department and of the chief. It would have been proper in the discharge of their duty to report to the board that the charges called for an investigation and a hearing by the entire board. This was the procedure in *O'Brien* v. *Mayor and Board of Aldermen of Pawtucket*, 20 R. I. 49. A public official may be obliged to prefer charges against another official but he must undertake the duty with an open mind and act impartially. As the three members of the police committee were required by virtue of their offices to weigh the evidence presented at the hearing, the propriety and the necessity of refraining from prejudging the accused officer should have been obvious to them. They not only preferred the charges but without even hearing the accused, adjudged him guilty of dereliction of duty and recommended his removal from office.

In view of the facts it is futile to contend that these committeemen could act as impartial triers. By prejudging the accused on their own charges and recommending his punishment they disqualified themselves to act as his triers. See *Clark* v. *Alcoholic Beverage Com.*, *supra*. It follows that the action of the board in which these respondents participated is a nullity.

Was there any competent evidence to sustain the findings of fact? We think not. Respondents admit that petitioner is an honest man. The finding of the board is that in two instances only was he incompetent and lacking in diligence in the performance of his duty. The charge with respect to the alleged house of ill-fame at 230 North Main street was based on suspicion and not on legal evidence. On several occasions petitioner at roll calls had particularly directed the patrolmen to be vigilant and to report any infractions of the law. Only one complaint with respect to this rooming house was made by the officer on that beat

and this was based not on his personal knowledge but largely on the reputation of the house. The application of petitioner to the district court for a warrant against the proprietor was refused. The officer who made the report three or four weeks later reported that the cause of complaint had ceased.

To establish the charges of misconduct, both the duty and the ability to perform the acts required must be shown. *McCarthy* v. *Aldermen, Central Falls, supra.* Petitioner made his reports regularly to the mayor who was his superior officer, and followed the instructions of the mayor and the board of aldermen as he understood them. In many instances he was unable to secure warrants on his complaints. The reason for the refusals to issue warrants was stated by the clerk of the court to be that the policy of the court and of the city officials was that for a time infractions of the liquor law should be dealt with by securing a revocation of the license of the lawbreaker rather than by prosecution in the courts.

With respect to petitioner's failure to act against the proprietor of the saloon at 182 Pleasant street, the evidence shows that for several months this man was permitted by the license commission to conduct his business without a license on his promise to pay the license fee in installments. This action of the board was without legal warrant. Having thus countenanced infractions of the liquor laws at this location the board can not properly hold the petitioner responsible for the failure to prosecute such other infractions of the license law as the board selected. For the reasons stated, the respondents' motion to dismiss is denied.

It is ordered that the record of May 3, 1934, of the board of aldermen, whereby said board sustained certain charges against the petitioner and removed him from the office of chief of police and from membership in the paid police department in said city, be quashed.

*Lawrence F. Nolan, George A. Panaretos,* for petitioner.
*John A. O'Neill, Thomas F. Cooney,* for respondent.