BERNARD W. POIRIER *vs.* FRANCIS E. MARTINEAU *et al., as Councilmen of the City of Woonsocket.*

DECEMBER 12, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a petition for a writ of prohibition brought by a member of the city council of Woonsocket to prohibit the other six members of the council in their capacity as such from hearing certain charges of misconduct made against him by three of the respondents.

On June 12, 1957 there was filed in the office of the city clerk of Woonsocket a complaint signed by the respondent councilmen, Francis E. Martineau, Jack A. St. Jean and Lewis A. Andrews, alleging facts which if true are grounds for the removal of petitioner from the council. On June 17, 1957 the complaint was presented to the council which then voted to give petitioner an opportunity to file motions by June 21 and if such motions were filed to hear them on June 24. The petitioner filed a motion to quash the complaint on the ground that it was not verified by at least one of the signers and also motions to disqualify councilmen Martineau, St. Jean and Andrews on the ground that they were biased. On June 24 the motions were heard. Each of the three above-named respondents was sworn and testified that he presently believed petitioner to be guilty of the charges as set forth in the complaint. These respondents refused to disqualify themselves and the council voted four to two to deny petitioner's motions to disqualify them. At the same session the council by a unanimous vote denied the motion to quash. The petitioner did not vote on any of these motions.

On June 26, 1957 the instant petition was filed in this court setting out the above facts and the following pertinent provisions of chapter XVI, article 3, of the Woonsocket home rule charter:

> "Sec. 1 — The council by resolution may remove from office any of its members, and may remove any other elective or appointive officers of the city, including the mayor, by impeachment.
>
> \* \* \*
>
> Sec. 3 — Impeachment proceedings may be initiated by any member of the council or by any fifty (50) electors as hereinafter provided. Upon the filing with the Council of a complaint in writing specifying any matter or thing made cause for removal under this charter, which complaint shall be signed by at least one (1) member of the council or, by not less than fifty (50) electors of the city and verified by the oath of at least one (1) of the signers, the council shall proceed to hear and determine the matter as herein provided.
>
> . \* \* \*
>
> Sec. 6 — If said officer is found guilty by a majority vote of all the members of the council, if a member of the council, otherwise by five (5) members of the council, the reason for such removal shall be entered in the proceedings of the council with the names and votes of the members voting on the question, and said officer shall thereby be removed from his office."

The petition alleged that such provisions deprived the council of jurisdiction to try and determine the charges against petitioner. The respondents admit that the facts and charter provisions are as stated. Therefore the legal questions for determination substantially are: 1. Has the petitioner another adequate remedy? 2. Is the council without jurisdiction to hear and determine the charges in the complaint because the complaint is not verified by at least one of the councilmen who signed it? 3. Is the council without jurisdiction to hear and determine the charges in the complaint because of the bias of the three councilmen who signed it?

476

The respondents argue that certiorari is an adequate remedy although they concede that if petitioner's position on the second or third question is correct, this court would quash a removal if the council ordered it. The petitioner contends that to require him to go through a trial, be removed, and then wait for the final outcome of the certiorari proceedings, demonstrates that certiorari is not an adequate remedy. Whether a petitioner has an adequate remedy depends upon the facts of the particular case. See 42 Am. Jur., Prohibition, §9, p. 145. In all the circumstances, we are of the opinion that petitioner has no other adequate remedy.

We now turn to the second question, the answer to which depends upon the construction of sec. 3 above quoted. The respondents contend that the commas in the second sentence make the third clause independent of the second clause and that such being the case no councilman need verify a complaint signed by a councilman. The petitioner, however, argues that the second and third clauses of this sentence are interdependent, and he states that such sentence is composed of four clauses which read as follows:

"(1) Upon the filing with the council of a complaint in writing specifying any matter or thing made cause for removal under this Charter,

(2) which complaint shall be signed by at least one (1) member of the council or,

(3) by not less than fifty (50) electors of the City and verified by the oath of at least one (1) of the signers,

(4) the council shall proceed to hear and determine the matter as herein provided."

He points out that clauses (1), (3) and (4) cannot stand alone because the words "which complaint shall be signed" in clause (2) are necessary to make the requirement of the oath of one of the signers in clause (3) meaningful.

We think this argument is valid. Furthermore, punctuation is still considered one of the least reliable guides to con-

struction. It may be used to determine intent. If, however, its use produces a result contrary to the otherwise expressed intent of the statute it will be disregarded. See 50 Am. Jur., Statutes, §253, p. 249. While it is true that the people could have intended to allow a councilman to file a charge on the strength of his oath of office, we are of the opinion that the ordinary person voting on this charter provision would read it as requiring a personal oath in each case.

The wording of the last clause of the second sentence shows that the jurisdiction of the council to proceed does not attach until the prior provisions of that sentence have been satisfied. Consequently, the second question must be answered in the affirmative. Since the complaint is not like an indictment, we see no reason why it cannot now be verified.

In 43 Am. Jur., Public Officers, §192, p. 38, it is stated: "In expelling a member of its body a city council does not convict of a crime, and it is not essential that the strict rules of criminal procedure be observed."

The respondents have vigorously resisted the issuance of the writ which makes it likely that the complaint will be verified by at least one of the signers. Such being the case, we deem it advisable to answer the third question, in order to obviate a second petition. It is clear that the only tribunal which can try this so-called impeachment is the city council and that to disqualify three councilmen will destroy the tribunal. In these circumstances we are of the opinion that the so-called rule of necessity applies. Counsel for the parties agree that this court has never flatly decided this question. However, the rule was referred to in *Narragansett Racing Ass'n Inc.* v. *Kiernan*, 59 R. I. 90, at page 111, where the court, quoting from 15 R.C.L., Judges, §29, p. 541, stated that "it is 'well established that the rule of disqualification of judges must yield to the demands of neces-

sity, as, for example in cases where, if applied, it would destroy the only tribunal in which relief could be had.' "

We agree with the statement of the law on this point and we also agree with the statement of the New Hampshire supreme court in *Moses* v. *Julian,* 45 N. H. 52, 59, which is quoted in the petitioner's brief, that "The power resulting from necessity, can extend no further than the case requires."

The petition is granted, and the writ will issue prohibiting and enjoining the respondents from proceeding to hear the complaint unless and until it is verified by at least one of its signers.

*Hogan & Hogan, Laurence J. Hogan, Edward T. Hogan, Thomas S. Hogan,* for petitioner.

*Richard A. Baldwin,* City Solicitor, for respondents.