BERNARD W. POIRIER *vs.* FRANCIS E. MARTINEAU *et al., as Councilmen of the City of Woonsocket.*

JANUARY 24, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PER CURIAM. This is a petition for a writ of prohibition. The respondents are members of the city council of Woonsocket. The petition alleges that certain members are disqualified from sitting at a meeting of the council to be held on December 23, 1957 to hear charges preferred against the petitioner by the alleged disqualified members. It further appears from the petition that such members claim the right to sit by virtue of our opinion in *Poirier* v. *Martineau*, 86 R. I. 473, 136 A.2d 814. On the strength of the allegations of the petition we issued the writ and respondents appeared on January 6, 1958 to show cause why the writ should be quashed and the stay heretofore issued dissolved.

It appearing on that day that the only question in controversy between the parties was the correct interpretation of our opinion in the prior case, we decided from the bench

that the petitioner's interpretation was correct. Pursuant thereto we directed the following order to be entered:

"Ordered, Adjudged and Decreed

*First*: That a Prerogative Writ of Prohibition issue out of and under the seal of this Honorable Court prohibiting and restraining the Respondents and each of them from proceeding to hear and determine, on any date in the future, the charges made against the Petitioner in the written complaint dated June 12, 1957, signed by the Respondents Martineau, St. Jean and Andrews, and verified by the Respondent Martineau on December 13, 1957, unless and until

(a) The Respondent Martineau disqualify himself, or be disqualified by the Respondents acting as the City Council for the City of Woonsocket, from sitting as a member of said City Council of the City of Woonsocket at any hearing on the charges contained in said written complaint, and

(b) Either the Respondent St. Jean or the Respondent Andrews be disqualified in the manner hereinafter described, from sitting as a member of said City Council of the City of Woonsocket at any hearing on the charges contained in said written complaint.

*Second*: That to comply with the Order of this Honorable Court contained in Clause (b) of Paragraph First of this Order, should the Respondents acting as the City Council of the City of Woonsocket determine to hear said charges, the names of Respondents St. Jean and Andrews shall be typewritten on separate but similar pieces of paper, and each name shall thereafter be inserted in separate but similar unmarked envelopes, and the envelopes sealed; thereafter, said envelopes shall be placed in a box or other container and the City Clerk for the City of Woonsocket shall draw therefrom by lot one envelope. The Respondent whose name is contained in the envelope so drawn shall be qualified to take his seat as a member of the City Council of the City of Woonsocket to hear and determine said charges, and the Respondent whose name is not so drawn shall be and is hereby declared to be disqualified from sitting as a member of said City Council to

hear and determine the charges contained in said written complaint.

*Third*: That the Respondents give to the Petitioner at least forty-eight (48) hours' written notice of the time and place set for the drawing by lot provided for in Paragraph Second hereof, and the Petitioner shall have the right to be present at said drawing in person and to be represented thereat by counsel."

Said order was duly entered on January 7, 1958.

*Hogan & Hogan, Laurence J. Hogan, Edward T. Hogan, Thomas S. Hogan,* for petitioner.

*Richard A. Baldwin,* City Solicitor, for respondents.