271 A.2d 466.

RALPH T. CULLEN *vs.* CARL R. ADLER *et al.*

DECEMBER 8, 1970.

PRESENT: Paolino, Powers and Joslin, JJ.

POWERS, J. This is a petition for certiorari which seeks to review the action of the respondent town council in removing the petitioner from the office of tax assessor-building inspector. We issued the writ and in accordance with its mandate the pertinent records were duly certified to this court for our examination. It appears therefrom that petitioner was appointed to the public office in question on June 1, 1967, for a six-year term as provided by P. L. 1961, chapter 53. It was by this legislative enactment that the office of tax assessor-building inspector was created and, in addition to providing for a six-year term, the statute provided that the necessary qualifications for the office were to be established by an ordinance adopted by the town council.[1]

The record further establishes that the respondent town council consists of five members. On December 17, 1968, the town council adopted a resolution appointing three of its members and the town solicitor as a committee to

---

[1]Such an ordinance was in fact adopted but in the view we take of what we consider to be the dispositive issue, further reference to said ordinance is not required.

investigate the office of tax assessor-building inspector. As a result of the investigation accordingly conducted, said committee, on February 13, 1969, recommended to the council that petitioner be removed from office. The grounds for such recommendation, broadly stated, were first that petitioner did not possess the qualifications for the office mandated by the ordinance establishing such qualifications, and secondly that petitioner was chargeable with inefficiency, neglect of duty, and misconduct in office.

The committee report further recommended that petitioner be advised of these charges and afforded a public hearing thereon if desired. Having been duly notified thereof, petitioner seasonably requested a public hearing together with a bill of particulars.

Further, petitioner sought and obtained a restraining order in the Superior Court enjoining the town council from removing petitioner. The basis for petitioner's recourse to the Superior Court was, in essence, that the town council lacked jurisdiction to remove petitioner for the reason that the enabling act made no provision for removal by the town council and secondly, that in any event three members of the council having participated in the investigation and recommended removal proceedings, a majority of the town council was demonstrably prejudiced and biased. This being so, petitioner contended that he was foreclosed from obtaining a fair hearing by the town council.

When the cause came on for hearing in the Superior Court on petitioner's claim for a permanent injunction, the Superior Court justice before whom it was heard vacated the restraining order and denied injunctive relief. In rejecting petitioner's contention that the town council lacked jurisdiction to remove petitioner for cause, the Superior Court justice correctly followed the rule enunciated in *Lewis* v. *Porter,* 78 R. I. 358, 82 A.2d 399. There,

this court held that when the power to remove was not expressly stated, it nevertheless existed by necessary implication. As to petitioner's contention that he could not be afforded a fair hearing by reason of prejudice or bias on the part of a majority of the members of the town council, the Superior Court justice pointed out that a quorum could be made up of the two members who were not part of the investigating committee and one of the three who were. He bases this on the decisions of this court in *Poirier* v. *Martineau*, 86 R. I. 473, 136 A.2d 814, and *Poirier* v. *Martineau*, 87 R. I. 60, 138 A.2d 331.

In the first *Poirier* case this court held that the normal rule of disqualification must yield to the rule of necessity where the tribunal in question was the only body vested with jurisdiction to hear the charges.

In clarification and supplementation of that decision, this court in the second *Poirier* case directed that the member of the city council who had participated in the investigation of misconduct and who was to serve with those members of the city council, who had not participated in the misconduct investigation in order to achieve a quorum, should be drawn by lot.

Although denying injunctive relief, the Superior Court justice retained jurisdiction to further hear petitioner's prayer in the event that the town council were to hold a hearing on the assigned charges without conforming to the *Poirier* formula.

Presumably guided by direction from the Superior Court justice, three members of the town council, sitting as a quorum, held a public hearing which began March 17, 1969. Two of the three members conducting the hearing had not served on the investigating committee and the third member who had so served was chosen by lot. The hearing was conducted over a period of fourteen evenings

and evidence was adduced in connection with all the charges leveled at petitioner.

The bill of particulars consisted of specific answers to questions asked by petitioner in connection with the charges as stated in the written notice thereof. Both charges and answers cover a wide area but, as previously indicated, we have concluded that certain of these charges and the evidence adduced thereon, are dispositive of the cause. For this reason, we deem it necessary to set forth only the charges and evidence with which we are concerned.

Charge number three which has multiple implications is as follows:

> "3. That in his capacity as Tax Assessor Mr. Cullen has:
> A. Failed or neglected to maintain adequate records of explanation of individual assessments made.
> B. Employed arbitrary and discriminatory methods of assessment detrimental to the rights and interests of the assessed owners and the public."

In reaching their decision to remove petitioner, the town council found as a fact that the oral and documentary evidence received in connection with this charge clearly established the quoted allegations as having been proven. They stated that:

> "The testimony shows that after being in office only a few months, and by his own testimony not having had any previous experience in property valuations or assessing, Mr. Cullen discarded the system that had been approved previously by the taxpayers, and was then in effect, that required detailed information on a property assessing card, as a basis for arriving at the market value of property. He said he discarded the system because in his opinion it wasn't an up-to-date system. He substituted what he termed a comparable sales system. This system if based on detail records is an acceptable system. However as

evidenced by the exhibits and the testimony of Mr. Cullen he kept no detailed records on which to assess in this manner or to substantiate any assessment at a later date when objection was raised by a taxpayer."

From our examination of the in evidence records kept by petitioner and the testimony of the several witnesses relied on by the council, we are constrained to hold that the council's finding of fact as to charge number three is supported by the record.

However, in his oral argument and brief petitioner contends that the testimony of the witnesses, on which the respondent council relied, lacks legal competency. He bases this on a number of procedural objections, which, however valid when related to a civil or criminal trial, are lacking in merit here. It is well settled that when a legislative body sits to pass on charges looking to removal of a public official, the hearing is quasi-judicial and must be conducted conformable to a sense of fair play. This concept demands that the person sought to be removed shall receive written notice of the charges preferred; to a public hearing thereon at which he shall have the right to be represented by counsel; to offer testimony in rebuttal as well as the right to subpoena pertinent records and, moreover, to be heard on charges that are substantial. *Mellor* v. *Leidman,* 100 R. I. 80, 211 A.2d 633. What is not required, however, is that the hearing shall conform to the strict rules of evidence. *Zimarino* v. *Zoning Board of Review,* 95 R. I. 383, 187 A.2d 259; *Whitney* v. *Judge of The District Court,* 271 Mass. 448, 171 N. E. 648.

Here petitioner received written notice of substantial charges. It is self-evident that the financial affairs of a city or town are vitally related to sound record keeping practices in the office of its tax assessor. Without them, one side of the coin depicts loss of revenue to the municipality, while the other side can portray unjust taxation as to some property owners.

. ' Further, petitioner here was given a public hearing at which he was represented by counsel and otherwise afforded the rights mandated in *Mellor* v. *Leidman, supra.*

Even so, petitioner further contends that the town council's decision to remove him is fatally defective in several other particulars. Two such contentions, although unavailing to him, are of such a nature as to call for a discussion as to why they lack merit.

The first such is that the town council's decision is so tainted by bias and prejudice on the part of the respondents as to constitute a denial of the fair and impartial hearing to which petitioner was entitled, citing *Kelley* v. *City Council of Cranston,* 61 R. I. 472, 1 A.2d 185; *Hanna* v. *Board of Aldermen,* 54 R. I. 392, 173 A. 358 and others.

In the latter cited case, this court held that the removal of the chief of police by a six-member board of aldermen on charges made by three members of the board, serving as a committee on police affairs who participated in the hearing and decision to remove was a nullity. This court reached its decision because the record established that at the hearing petitioner had protested that with the three members who preferred the charges participating, petitioner could not receive a fair and impartial hearing.

However, in *Hanna,* unlike the case here, all three accusers participated in the hearing and only one who could have been drawn by lot was necessary to constitute a quorum as in *Poirier* v. *Martineau, supra.* Had the procedure adopted in *Poirier* been employed in *Hanna* as it was here, a different case would have been presented.

Nevertheless, prescinding from the apparent bias and prejudice inherent in a situation where the right to disqualification yields to the rule of necessity, petitioner further argues that there is a right to show actual bias or prejudice on the part of those hearing the removal proceedings. So

arguing, he refers our attention to the language of this court in *Kelley* v. *City Council,* supra.

There, this court held that the existence of bias and prejudice must be shown as a matter of fact by the person claiming a disqualification on such grounds and not merely presented as a matter of the opinion of that person. In other words, it is incumbent on him alleging bias and prejudice to bring evidence thereof on the record.

At the commencement of the hearing in the case at bar, petitioner's counsel sought to examine the members of the council on the question of bias or prejudice in fact. He was precluded from doing this on the ground that in the Superior Court proceedings, where all councilmen were present, petitioner had ample opportunity to examine the council members, but refrained from doing so, even though the justice of that court had retained jurisdiction for the purpose of assuring petitioner of an impartial hearing.[2]

Having been denied the right to question members of the council for actual bias and prejudice, counsel for petitioner stated that he would like to make an offer of proof. Invited to make such offer counsel stated:

> "Our offer of proof will be that as a result of the cross-examination of council, we will attempt to place on the record certain facts tending to establish bias and prejudice over a period of time."

We think it of controlling significance that the offer does not contain statements of fact as to the course of conduct regarding which counsel indicated would be brought forth on an examination of council members. If there were a course of conduct on the part of members of the council, which would tend to establish such bias or prejudice as

---

[2] If such were indeed the case, there is nothing to establish it in the record before us. What is in the record certified here is a copy of the Superior Court justice's opinion. We have referred to that only as incidental to the travel of the cause and refrained from expressing any opinion on the jurisdictional phase of the Superior Court proceedings.

would prevent a member or members from reaching a decision based solely on evidence adduced, that conduct should have been affirmatively placed in the record.

Clearly, either facts tending to establish the indicated course of conduct were within the knowledge of petitioner or, if not, searching for such facts through examination of council members would be a fishing expedition.

This brings us then to a consideration of petitioner's remaining contention which calls for discussion. It is that, although the hearing on the preferred charges was conducted by the three member tribunal which unanimously made the findings of fact allegedly constituting cause for removal, all five respondents participated in the vote to remove petitioner from office. The record establishes that respondents did indeed follow the procedure of which petitioner complains. However, it seems clear that his grievance is more fanciful than real. If it be conceded that the votes to remove cast by the two members who did not participate in the hearing tribunal must be treated as a nullity, petitioner takes nothing thereby. There remains the unanimous vote of the three-man tribunal which on the basis of competent evidence found petitioner guilty of such inefficiency and neglect of duty as to justify his removal.

The petition for certiorari is denied and dismissed. The writ heretofore issued is quashed and the records certified to this court are ordered returned to the respondent town council with our decision endorsed thereon.

ROBERTS, C. J. and KELLEHER, J., did not participate.

*F. Monroe Allen, Carl B. Lisa,* for petitioner.

*John H. Hines, Jr.,* for respondents.