286 A.2d 881

Joseph G. A. Riccio *vs.* The Town Council of the Town of Bristol.

FEBRUARY 3, 1972.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. These proceedings seek to quash by way of certiorari the action of the respondents in their capacity as members of the Bristol town council, in dismissing the petitioner as town engineer.

They were commenced by petitioner with the filing of his petition for the writ, together with a motion for leave to file said petition, a written memorandum of law and an affidavit attesting that he had served respondents with copies of said pleadings and notice of their pendency, all in accordance with Provisional Order No. 3 of the Rules of the Rhode Island Supreme Court.

Within the terms authorized by, and in accordance with the directive of said Provisional Order No. 3, respondents filed written objections. These included, *inter alia,* the allegations that the action sought to be reviewed was legislative in nature, hence not reviewable by way of certiorari, and further that petitioner had an adequate remedy at law.

On examination and consideration of the pleadings and written memoranda of law, we concluded that the question presented was of sufficient importance to be heard on oral arguments and briefs. Accordingly, we ordered the writ to issue without prejudice to respondents to renew their jurisdictional objections in their oral arguments and briefs. *Riccio* v. *Town Council of the Town of Bristol,* 108 R. I. 924, 275 A.2d 651 (1971).[1]

In compliance with the mandate of the writ, respondent, Orlando J. Bisbano, town clerk, duly certified certain appropriate records to this court for our examination. Later, however, respondents filed a motion for leave to supplement the record with certified copies of the minutes of two town council meetings which they believed to be pertinent to our consideration. The petitioner filed a written objection and we denied respondents' motion without prejudice to their right, however, to renew said motion when the cause was heard on oral arguments and briefs. *Riccio* v. *Town Council of the Town of Bristol,* 109 R. I. 913, 282 A.2d 204 (1971). However, when the cause was orally argued, petitioner withdrew his objections, and certified copies of the February 2, 1970 and November 5, 1970 minutes were added to the record.

The pertinent facts established by the record as thus supplemented are as follows:

By the enactment of P. L. 1957, chapter 143, the General Assembly created the office of town engineer for the town of Bristol. This act provided, *inter alia,* see Appendix A,

---

[1]On consideration of the oral arguments and briefs we concluded that respondents' contention that petitioner's dismissal was a legislative act was so entwined with those going to the merits of the cause that, having resolved the question of merit in favor of petitioner, respondents' motion to dismiss on that ground should be denied pro forma.

As to the contention that petitioner has an adequate remedy at law, respondents point to no authority in support thereof, and on such circumstances, we deem that contention to be waived. *State* v. *Carufel,* 106 R. I. 739, 263 A.2d 686 (1970).

that in addition to such duties as town engineer that the town council might provide by ordinance, the town engineer would assume the duties of the office of building inspector. By its express terms, said chapter 143 repealed the then existing office of building inspector and provided for a definite term of one year, for the newly created office of town engineer, commencing July 1, 1957, and annually thereafter.

Acting on the authority of said enabling act, the Bristol town council, on June 20, 1957, adopted an ordinance which, in addition to setting forth the duties of the town engineer, fixed the salary at $8,000 per annum and provided for the annual appointment of a town engineer in the month of June for the term commencing July 1, 1957, and annually thereafter. See Appendix B.

Although the town council minutes relating thereto were not made part of the record, we are advised by respondents that after the adoption of said ordinance, several persons were successively appointed to the office of town engineer.

The respondents further inform us in their brief that petitioner was first appointed to the office by a vote of the town council at a meeting held September 3, 1969. His appointment, as stated in the brief, was "for the ensuing term."

Although the minutes of that meeting are not before us, there is in the record the minutes of the town council meeting for November 5, 1970. They disclose that by a majority vote of the town council, petitioner was reappointed to the office of town engineer "for the term expiring June 30, 1971."

However, prior thereto, namely February 2, 1970, the town council had voted to relieve petitioner as town engineer, from carrying out the duties of building inspector and further voted to assign such duties to an "Acting Building Inspector."

By this vote the town council also further limited petitioner's duties as town engineer and proposed that the town council "Do hereby request the legislators to have enacted by the Legislature presently sitting, amended legislation enabling the Town of Bristol to establish the office of a full-time Building Inspector."

With regard to this vote of February 2, 1970, it should be noted that no contention is made that said vote purported to repeal the June 20, 1957 ordinance. Indeed, respondents frankly concede that said ordinance was never repealed.

Subsequent to this vote, however, and presumably in consequence of it, the General Assembly enacted P. L. 1970, chapter 152. It became effective May 7, 1970, and provides as follows:

"Section 1. The town council of the town of Bristol may by ordinance establish in said town the position of building inspector and may provide that the person appointed to such office shall devote his full time to such office. Such building inspector shall be appointed by the town council. His compensation shall be fixed by the financial town meeting. The town council shall by ordinance define his qualifications."

At this juncture, it is to be noted that said chapter 152 neither expressly nor by necessary implication purports to repeal P. L. 1957, chapter 143 by the provisions of which the office of town engineer was created.

What P. L. 1970, chapter 152 did accomplish was to ratify the February 2, 1970 action of the town council in separating the duties of a building inspector from the office of town engineer.

This was the state of affairs on November 5, 1970, when, as heretofore related, petitioner was reappointed to the office of town engineer for the term expiring June 30, 1971.

Thereafter, the record establishes that within three weeks, namely on November 25, 1970, respondent town council

members held a special meeting at which it was voted to dismiss petitioner as town engineer.

The minutes of this meeting disclose that respondent town council president Faria read a list of charges levelled at petitioner and that it was in light of these charges that respondent town council members voted to dismiss petitioner summarily.

The petition for a writ of certiorari alleges that petitioner had no knowledge that charges were to be preferred against him; nor was he given an opportunity to be heard thereon and offer testimony in his defense. As heretofore related, respondents filed their written objection to the petition and petitioner's motion for leave to file the same. However, their written objections do not deny petitioner's allegation that he received no notice of charges to be preferred, nor an opportunity to be heard thereon. On this state of the pleadings, petitioner's allegations are taken as being undisputed. *Morin* v. *Zoning Board of Review*, 102 R. I. 457, 232 A.2d 393 (1967).

This brings us to a consideration of the merits of the cause. In connection therewith, petitioner makes the threshold contention that by the passage of P. L. 1957, chapter 143, and its implementation by the June 20, 1957 ordinance, adopted in accordance with the mandate of said chapter 143, the office of town engineer was created as a public office from which a duly appointed and qualified incumbent could not be dismissed except for cause.

With this as his premise, he points to the meeting of the town council on November 5, 1970, at which the minutes of that meeting disclose petitioner was reappointed by a vote of three to two to serve as town engineer for the term expiring the following June 30. He then points to the minutes of the November 25, 1970 meeting which establish that the town council voted to discharge petitioner as town engineer without first having given petitioner a written state-

ment of charges against him, and an opportunity to be heard thereon. He concludes that, under these circumstances, the action of the town council was a nullity and his purported dismissal void.

The respondents do not take issue with petitioner's basic contention. Rather, they argue, that P. L. 1970, chapter 152 repealed P. L. 1957, chapter 143, and abolished the office of town engineer. Thus, they argue, petitioner's appointment on November 5, 1970, amounted to nothing more than the hiring of an employee who served at the pleasure of the town council. In support of this latter argument, they refer our attention to G. L. 1956 (1970 Reenactment) §45-6-8 which provides:

"They may appoint all necessary officers for the execution of their said ordinances, by-laws and regulations; may define their duties, and fix their compensation, where provisions shall not be made by law, and may remove any such officers at pleasure; but no expense of process, commitment or detention, under such ordinances and regulations, shall be chargeable to the state."

However, this last cited section is to be read in *pari materia* with §45-6-1 which provides:

"Town councils and city councils may from time to time make and ordain all ordinances and regulations for their respective towns, not repugnant to law, which they may deem necessary for the safety of their inhabitants from fire, firearms and fireworks; to prevent persons standing on any footwalk, sidewalk, doorstep, or in any doorway, or riding, driving, fastening or leaving any horse or other animal or any carriage, team or other vehicle on any such footwalk, sidewalk, doorstep or doorway within such town, to the obstruction, hindrance, delay, disturbance or annoyance of passers-by or of persons residing or doing business in the vicinity thereof; to regulate the putting up and maintenance of telegraph and other wires and the appurtenances thereof; to prevent the indecent exposure of any one

bathing in any of the waters within their respective towns; against breakers of the Sabbath; against habitual drunkenness; to regulate the speed of driving horses and cattle over bridges; respecting the purchase and sale of merchandise or commodities within their respective towns and cities; to protect burying grounds and the graves therein from trespassers; and, generally, all other ordinances, regulations and by-laws for the well ordering, managing and directing of the prudential affairs and police of their respective towns, not repugnant to the Constitution and laws of this state, or of the United States."

We think it obvious that the employees whose employment is authorized by §45-6-8 have only the duty of enforcing such ordinances as may be enacted pursuant to §45-6-1, and said §45-6-8 does not relate to officers appointed for a definite term in accordance with the provisions of an enabling act specifically adopted for the purpose of creating a stated municipal office.

Even so, respondents further argue that assuming that the office of town engineer, as created by P. L. 1957, chapter 143, constituted a public office from which an incumbent could not be dismissed except for cause, the office of town engineer ceased to be such with the repeal of P. L. 1957, chapter 143, by the adoption of P. L. 1970, chapter 152.

As heretofore stated, nowhere in the language of the last cited section can there be found so much as a suggestion that in addition to establishing the separate position of building inspector, P. L. 1970, chapter 152 was intended to abolish the office of town engineer created by P. L. 1957, chapter 143. See Appendix A.

It follows that when petitioner was reappointed as town engineer at the meeting of November 5, 1970, he was appointed to the office created by P. L. 1957, chapter 143.

This brings us to a consideration of petitioner's contention that, having thus been appointed, to serve for the term

expiring June 30, 1971, he could not be dismissed prior thereto except for cause based on written charges of which he had knowledge, and preferred at a hearing at which he had the opportunity to be heard.

Although no Rhode Island case exactly in point has been called to our attention by any of the parties, and an independent research has been equally unavailing, it is generally held that a municipal office created by the sovereign which provides for tenure and the performance of public duties, is a public office from which a duly appointed and qualified incumbent may not be discharged except for cause. 56 Am. Jur.2d *Municipal Corporations* §314 (1971); *Board of Commissioners* v. *Johnson,* 124 Ind. 145, 24 N.E. 148 (1890); *Hallgren* v. *Campbell,* 82 Mich. 255, 46 N.W. 381 (1890) and *see Cullen* v. *Adler,* 107 R. I. 749, 271 A.2d 466 (1970); *Nugent ex rel. Beck* v. *Leys,* 88 R. I. 446, 149 A.2d 716 (1959) and *Lewis* v. *Porter,* 78 R. I. 358, 82 A.2d 399 (1951).

From a reading of the Rhode Island cited cases we have no doubt that the general rule is that which prevails in this state. This being so, we are led to the conclusion that the office of town engineer here in issue is a municipal office from which a duly appointed incumbent could not be dismissed except for cause.

Further, once it is established that a municipal officer may not be dismissed except for cause, there are numerous Rhode Island cases which hold that such officer is entitled to the procedural due process of written specifications of charges, an opportunity to be heard thereon, and to offer evidence in his behalf. *Mellor* v. *Leidman,* 100 R. I. 80, 211 A.2d 633 (1965); *Davis* v. *Cousineau,* 97 R. I. 85, 196 A.2d 153 (1963); *Narragansett Racing Ass'n* v. *Kiernan,* 59 R. I. 79, 194 A. 49 (1937); *Hanna* v. *Board of Aldermen,* 54 R. I. 392, 173 A. 358 (1934) and *Garvin* v. *McCarthy,* 39 R. I. 365, 97 A. 881 (1916) and *McCarthy* v. *Board of Aldermen,* 38 R. I. 385, 95 A. 921 (1915).

Here, as heretofore determined, petitioner, on November 25, 1970, held the office of town engineer from which he could not be discharged except for cause. Moreover, as also heretofore demonstrated, the vote of the respondent town council members purporting to dismiss him on the last cited date was taken without regard to the procedural due process to which petitioner was entitled. These factors being established, it follows that there is merit to petitioner's contention that the dismissal proceedings were null and void and should be quashed.

Nevertheless, respondents argue that the dismissal proceedings of which petitioner complains are legislative in character and that certiorari does not lie for review of a legislative act. In support thereof, they cite several Rhode Island cases which do not help them. An examination of the cases on which they rely, however, discloses that the actions of the municipal legislature sought to be reviewed involved truly legislative acts.

When, however, a municipal legislature conducts proceedings held for the purpose of dismissing a public officer entitled to a hearing, such proceedings are quasi-judicial and subject to review at the discretion of this court by way of certiorari. *McCarthy* v. *Board of Aldermen, supra.*

The petition for certiorari is granted, the November 25, 1970 action of the respondent town council members is quashed, and the papers in the case are ordered returned to the town clerk with our decision endorsed thereon.

### APPENDIX A
### CHAPTER 143.

Section 1. The town council of the town of Bristol is hereby authorized to elect annually in the month of July, beginning in 1957, a town engineer who shall possess the qualifications and perform the duties pertaining to said office, and be compensated, as shall by ordinance be established by said town council.

Section 2. In addition to the duties which shall be performed by said town engineer, he shall perform all the duties as inspector of buildings as required by any general or special law.

Section 3. Chapter 2417 of the public laws, 1950, is hereby repealed and the office of co-inspector of buildings created by said chapter 2417 is hereby abolished and the term of office of said co-inspector of buildings is hereby terminated.

Section 4. The office of inspector of buildings of the town of Bristol is hereby abolished and the term of office of the inspector of buildings heretofore elected is hereby terminated, and said inspector of buildings is authorized and directed to transfer all books, papers, maps and documents pertaining to said office, to the town engineer upon his election and qualification.

Section 5. All matters pending in the office of inspector of buildings, by this act terminated, shall be continued and carried to their conclusion by the town engineer by this act created, to the same effect as if begun or commenced and carried on and determined by the inspector of buildings.

Section 6. This act shall take effect on July 1, 1957, and thereupon all acts and parts of acts inconsistent herewith shall stand repealed.

## APPENDIX B

### ORDINANCE

Be It Ordained by the Town Council of the Town of Bristol:

Section 1. There is hereby created the office of Town Engineer of the Town of Bristol. The Town Council of the Town of Bristol shall annually during the month of June appoint a full-time registered engineer to fill the office of Town Engineer for the term of one year commencing with the first day of July next succeeding and until his successor is duly appointed and qualified.

Section 2. The Town Engineer shall perform all such services for the Town as properly come under the direction of an engineer or surveyor, and shall also fill the office of and act as Building Inspector.

Section 3. The Town Engineer shall be consulted on all matters relating to public improvements of every kind where the advice of an engineer or surveyor would be of service.

Section 4. The Town Engineer shall take charge of all such structures and public works of the Town of Bristol as the Town Council may direct; and under his direction he shall prepare all plans and specifications for such structures and public works and shall prepare or cause to be prepared all contracts for the same, except where such duties are specifically directed by State law upon other officials of the town government.

Section 5. The Town Engineer shall measure or cause to be measured all work done by contract for the Town and shall certify the same.

Section 6. The Town Engineer, conformable to State law, shall prepare all such plans, statements and estimates, and furnish such information in relation to the grading, laying out, enlarging, straightening or otherwise altering streets, as may be required by the Town Council or the Surveyor of Highways, and shall whenever required, furnish the Town Solicitor with all necessary descriptions of land.

Section 7. The Town Engineer shall also prepare all plans for the construction of sewers, and perform all such duties in reference to the construction, preparation or maintenance of the sewers of the Town, as the Sewer Commissioners of the Town may require.

Section 8. The Town Engineer shall have the custody of all plans relative to all work under his charge and shall keep the same properly classified and indexed.

Section 9. The Town Engineer shall furnish such plats relative to the streets and highways as may be required in the office of the Town Clerk.

Section 10. The Town Engineer shall annually, in the month of June present to the Town Council a report in relation to the office of Town Engineer showing the general nature of the work coming under his supervision and such other general information as he may deem expedient.

Section 11. The Town Engineer shall be paid a salary at the annual rate of $8,000.00 per year and shall not hold any other paid Town office whether elective or appointive while serving in such capacity.

Section 12. This ordinance shall take effect upon its passage, and all Ordinances or parts of Ordinances inconsistent herewith are hereby repealed.

*Louis M. Cioci,* for petitioner.

*Emilio D. Iannuccillo,* Town Solicitor, for respondent.