382 A.2d 186.

ELSIE M. WHYTE *vs.* FRANK L. SULLIVAN,
*Tax Assessor of the Town of North Kingstown, et al..*

JANUARY 30, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J.  In these certiorari proceedings the petitioner challenges the legality of her suspension from employment as a senior account clerk in the Tax Assessor's Department of the Town of North Kingstown.

The material facts are not in dispute. On February 27, 1976, respondent John A. Mulligan, the town manager, suspended petitioner without pay for a period of 1 week commencing March 1, 1976. Almost immediately Mulligan apparently became aware that, under the town's personnel rules and regulations, a department head, rather than the town manager, has the authority to suspend. Consequently, he notified petitioner on March 3, 1976 that her suspension was revoked and that she was reinstated as of March 4 with backpay for the days of employment that she missed because of the aborted suspension.

The petitioner's reprieve was short-lived, however, for on March 15, 1976 she was notified in writing by respondent Frank L. Sullivan, the tax assessor, who was both the appointing authority and petitioner's department head, that she was suspended effective immediately for 1 week without pay for the following reasons:

"1.  A Department head should have truth and honesty from his employees; in depth reasons will be furnished in detail for this cause.

"2. Chapter VI Section 7; Personal Complaint procedure should have been observed, rather than complain to people on the outside."

Following receipt of that notification, petitioner's attorney on March 19, 1976 wrote both respondents demanding that her suspension be rescinded or, alternatively, that she be given detailed specifications of the reasons for her suspension and a hearing thereon before the personnel board. No reply to that request was received until April 2, 1976 when her counsel was advised that the town was unwilling to honor her request for a hearing and that the reason for her suspension was that on two occasions in February 1976 she had falsely denied giving information concerning the town's assessed valuation to a school department official.

Following the denial of still another request for a hearing, petitioner on May 12, 1976 commenced these certiorari proceedings in which she asks generally that the suspension order be quashed and that she be compensated for the period of her suspension. Broadly stated, her grounds are that her suspension, without adequate notice and an opportunity to defend herself against the charges, violated her rights under the due process clause of the fourteenth amendment to the Federal Constitution and under chapter VI, section 4, of the Personnel Rules and Regulations of the Town of North Kinstown.[1] We issued the writ. *Whyte* v. *Sullivan*, 116 R.I. 940, 358 A.2d 689 (1976).

On its face chapter VI, section 4 of the town's Personnel Rules and Regulations (the Regulations) may fairly be read as entitling petitioner to the relief she seeks, and we hold

---

[1]The town's Personnel Rules and Regulations were adopted pursuant to section 2-5-7 of the Revised Ordinances of the Town of North Kingstown which provides as follows: "The personnel director shall draft such rules as may be necessary to carry out the provisions of this chapter. The draft of such rules shall be submitted to the town manager for his approval. These rules when approved by the town manager shall be submitted for adoption by resolution of the council. The rules shall have the force and effect of law."

that it controls. Determination of the constitutional question raised by petitioner is therefore not indispensably necesary to the disposition of the case, and consequently that question will not be decided. *Mathieu v. Board of License Commissioners,* 115 R.I. 303, 307, 343 A.2d 1, 3 (1975); *Chartier Real Estate Co. v. Chafee,* 101 R.I. 544, 556, 225 A.2d 766, 773 (1967).

The Regulation invoked by petitioner permits a department head to suspend an employee without pay in the interest of good discipline for any length of time up to 30 days in a single year, but it hedges that grant of authority with the specific limitation that it may be exercised only "for just cause."[2] That limitation is significant. The absence of a provision of similar import distinguishes *Nugent ex rel. Beck v. Leys,* 88 R.I. 446, 149 A.2d 716 (1959), upon which respondents rely, from this case. In *Nugent* we held that the controlling provision of the city charter, instead of conditioning removal of the city manager upon a showing of cause, defined the relationship between him and the city as contractual, gave him no enforceable expectation of continued employment, and permitted his dismissal at the will and pleasure of the city.[3] To construe the Regulation here in

---

[2]Chapter VI, section 4 reads in pertinent part as follows:

"In the interest of good discipline, a Department head may, *for just cause,* suspend an employee without pay for any length of time up to thirty (30) days in a single year. No disciplinary suspension or combination of suspensions, shall exceed thirty (30) days in one calendar year. *An employee who is suspended shall be given notice of the reasons for the action."* (Emphasis added.)

[3]The governing provision in *Nugent ex rel. Beck v. Leys,* 88 R.I. 446, 449, 149 A.2d 716, 718 (1959) was chapter V of the city charter which provided:

" 'Sec. 5-1 — Engagement. The council is authorized and directed to enter into an agreement, for such terms as the council may specify, for the engagement of a person selected on the basis òf his executive and administrative qualifications and his experience in and knowledge of generally accepted practices in municipal administration to act as city manager. The relationship between the city and the city manager shall be contractual and not that between a municipality and a civil officer.' "

that manner would, in effect, transform an explicit "just cause" requirement into meaningless verbiage. This court has consistently refused to do that. Instead, it has construed "for cause" limitations as entitling the person proceeded against not only to the presence of substantial grounds in support of the action, but also to adequate written notice of the charges, a hearing, and an opportunity to present evidence in his own behalf. *Riccio* v. *Town Council*, 109 R.I. 431, 439, 286 A.2d 881, 886 (1972); *Mellor* v. *Leidman, 100 R.I. 80, 85, 211 A.2d 663, 638 (1965); Morgan* v. *Thomas*, 98 R.I. 204, 210, 200 A.2d 696, 699 (1964); *Davis* v. *Cousineau*, 97 R.I. 85, 90, 196 A.2d 153, 156 (1963).[4]

The standards must be met to satisfy a cause limitation in a discharge or suspension enactment. Clearly they were not met in this case. True, petitioner received a notice of sorts, but that notice standing alone, even if assumed adequate and timely, was not followed by a hearing at which she was afforded an opportunity to present her side of the story. Under the Regulation such a hearing and an opportunity were essential ingredients of a valid suspension.

The respondents contend, however, that petitioner's suspension is governed not by the Regulation but by section 2-5-16 of the Town Ordinances which was enacted more

---

[4] In *Cullen* v. *Adler*, 107 R.I. 749, 271 A.2d 466 (1970), we went further, for there we did not relate our holding to a provision in the controlling statute restricting the right of removal to instances where cause had been established. Nonetheless, we said at 754, 271 A.2d at 469:

> "It is well settled that when a legislative body sits to pass on charges looking to removal of a public official, the hearing is quasi-judicial and must be conducted conformable to a sense of fair play. This concept demands that the person sought to be removed shall receive written notice of the charges preferred; to a public hearing thereon at which he shall have the right to be represented by counsel; to offer testimony in rebuttal as well as the right to subpoena pertinent records and, moreover, to be heard on charges that are substantial. *Mellor* v. *Leidman*, 100 R.I. 80, 211 A.2d 633. What is not required, however, is that the hearing shall conform to the strict rules of evidence. *Zimarino* v. *Zoning Board of Review*, 95 R.I. 383, 187 A.2d 259; *Whitney* v. *Judge of The District Court*, 271 Mass. 448, 171 N.E. 648."

than a decade earlier. That section, like the Regulation, deals with the subject matter of a suspended employee's right to a hearing, but it provides for a hearing only if the suspension is for more than 15 days or if the employee was previously suspended within the preceeding 6 months.[5] The respondents argue that the earlier enacted ordinance is the more detailed of the two provisions and that consequently under the canon of statutory construction endorsed in *Rogers v. United States*, 185 U.S. 83, 22 S. Ct. 582, 46 L. Ed. 816 (1902), the more detailed, even though the earlier of the two, should prevail over the more general.[6] But that canon is inapplicable where, as the court in the *Rodgers* case said, "the provisions of the general are manifestly inconsistent with those of the special." That is obviously the case here, as the two are in unreconcilable conflict. In that situation the applicable canon calls for giving effect to the more recent enactment which in this case is, as already indicated, the Regulation. *Davis v. Cranston Print Works Co.*, 86 R.I. 196, 199, 133 A.2d 784, 786 (1957).

Finally, respondent argues that, because the public

---

[5]Section 2-5-16 of the Revised Ordinances of the Town of North Kingstown, entitled "Suspensions," reads as follows:

"When in the judgment of an appointing authority an employee's work performance or conduct justified disciplinary action short of dismissal, the employee may be suspended without pay. A suspended employee may not request a hearing before the personnel board unless the suspension is for more than fifteen working days, or unless the employee has already received a previous suspension within the six months immediately prior thereto."

[6]In *Rodgers v. United States*, 185 U.S. 83, 87-88, 22 S. Ct. 582, 583, 46 L. Ed. 816, 818 (1902), the Supreme Court said:

"It is a canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of such earlier statute. In other words, where there are two statutes, the earlier special and the later general — the terms of the general broad enough to include the matter provided for in the special — the fact that the one is special and the other is general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or *unless the provisions of the general are manifestly inconsistent with those of the special.*" (Emphasis added.)

employee decisions cited by petitioner involved dismissals, they are inapposite to a case, such as this, involving a suspension. In a narrow sense that contention cannot be refuted for indeed petitioner cites only dismissal cases. But petitioner has not cited all of our cases so holding and two she omitted were *Morgan* v. *Thomas*, 98 R.I. 204, 200 A.2d 696 (1964) and *Garvin* v. *McCarthy*, 39 R.I. 365, 97 A. 881 (1916), each of which involved a suspension, not a dismissal, of police officers.

More importantly, however, that contention misconceives the nature of the issue and the underlying rationale of our decisions. Our concern has not been with whether the removal was temporary or permanent, but with the effect that should be accorded a legislative directive that an employee may not be removed except *for cause*. Thus, we have consistently held that imposition of that kind of limitation clearly indicates an intention (1) that the employee has a legitimate claim of entitlement to continued employment, absent cause for temporary or permanent removal therefrom; and (2) that the sufficiency of that cause must be established at a hearing following an adequate notice of the alleged causes for the suspension.

The petition for ceriorari is granted, the petitioner's 5 days' suspension without pay is quashed, and all references to that suspension shall be removed from the town's files; the respondents shall award her full pay and allowances for the period of her suspension; and the records certified to this court shall be returned to the respondents with our decision endorsed thereon.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Saunders & Torres, Ernest C. Torres*, for petitioner.

*Taft & McSally, Bernard F. McSally, Charles T. Rennick, Jr.*, for respondents.