## Aram K. BERBERIAN

v.

## Walter J. KANE.

### No. 80–364–Appeal.

Supreme Court of Rhode Island.

Feb. 6, 1981.

Aram K. Berberian, pro se.

Dennis J. Roberts, II, Atty. Gen., Harold E. Krause, Sp. Asst. Atty. Gen., for defendant.

## OPINION

PER CURIAM.

This case comes before us on appeal from a judgment of the Superior Court dismissing the plaintiff's complaint pursuant to the provisions of Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. Aram K. Berberian, an attorney, had sought in the Superior Court a declaratory judgment that Rule 45 of the Supreme Court Rules was invalid. Rule 45 provides for periodic registration of attorneys and the payment of an annual registration fee of $15 for the establishment and maintenance of a disciplinary account that is used for the enforcement of the Code of Professional Responsibility. He sought to enjoin the defendant, the clerk of this court, from removing his name from the roll of attorneys for failure to pay said fee. The plaintiff contended further that this registration fee is in fact an unconstitutional tax. The trial justice rejected this contention on the authority of *Petition of Rhode Island Bar Ass'n*, 118 R.I. 489, 374 A.2d 802 (1977). The plaintiff moves for the recusal of one of the justices of this court who participated in the promulgation of Rule 45. The defendant moves to dismiss the appeal. We deny the plaintiff's motion for recusal and grant the defendant's motion to dismiss the appeal.

In the exercise of its inherent power to regulate the practice of law and the conduct of attorneys, this court has from time to time promulgated rules in explication and implementation of professional responsibility. *Berberian v. New England Telephone & Telegraph Co.*, 114 R.I. 197, 199, 330 A.2d 813, 815 (1975); *Rhode Island Bar Ass'n v. Automobile Service Ass'n*, 55 R.I. 122, 179 A. 139 (1935). An argument which advances the proposition that a justice of the court who participates in the necessary rule-making function should then be disqualified to pass upon the validity of such a rule if subjected to constitutional

challenge would run counter to the essential principle of necessity[1] and would render the rule-making process self-defeating and nugatory. *See Cullen v. Adler*, 107 R.I. 749, 271 A.2d 466 (1970); *Poirier v. Martineau*, 86 R.I. 473, 136 A.2d 814 (1957).[2]

This court in *Petition of Rhode Island Bar Ass'n, supra,* clearly stated that the annual dues paid to the Rhode Island Bar Association were not a tax designed to raise revenue, but a licensing fee. *Petition of Florida State Bar Ass'n*, 40 So.2d 902, 906–07 (Fla.1949). A fortiori, a registration fee for the funding of a disciplinary account is an "exaction for regulation only * * *." *Id.* at 906. The Supreme Court of the United States has recognized that the highest court of a state (Wisconsin) might constitutionally require the costs of improving the profession to be shared by the subjects and beneficiaries of the regulatory program, the lawyers. *Lathrop v. Donohue*, 367 U.S. 820, 843, 81 S.Ct. 1826, 1838, 6 L.Ed.2d 1191, 1205 (1961) (plurality opinion by Brennan, J.). The Supreme Court of Tennessee in *Petition of Tennessee Bar Ass'n*, 532 S.W.2d 224 (Tenn.1975), in confirming a petition to order an annual registration fee, observed:

> "We are the fortieth jurisdiction to require that the burden of regulating the conduct and competency of the profession must be borne by all lawyers. We find, as thirty-nine other jurisdictions have, that the best efforts of voluntary bar associations acting through unpaid individual lawyers and committees cannot perform disciplinary investigations and enforcement at an acceptable level." *Id.* at 229.

To the same effect were opinions in *In re Supreme Court License Fees*, 251 Ark. 800, 483 S.W.2d 174 (1972), and *In re Members of Bar*, 257 A.2d 382 (Del.1969). In the latter case, the Supreme Court of Delaware rejected in the following terms the claim that such an assessment was a tax:

> "[T]he payment required is an assessment and not a tax. We have * * * the power to order the creation of the Fund and, that being so, it necessarily follows that we have the power to direct the imposition of a reasonable assessment to accomplish the purpose." *Id.* at 385.

The most recent rejection of a separation-of-powers challenge to the jurisdiction of a court of last resort to impose an annual registration fee as a condition of licensing the practice of law is set forth in *Board of Overseers of the Bar v. Lee*, 422 A.2d 998 (Me.1980). In that case the Supreme Judicial Court of Maine held that it had:

> "inherent power, not only to regulate the conduct of attorneys as officers of the court, but also to impose upon them as a precondition to receipt of a license to practice such registration fees as are reasonably required to enable the [c]ourt to carry out its responsibilities." *Id.* at 1002.

Thus it seems that this court and the courts of other jurisdictions are consonant in holding the view that there is a distinction between a regulatory fee or assessment and a tax. Therefore, clearly this court has not trespassed upon the function of the Legislature in providing for this annual registration fee.

For the reasons stated, the plaintiff's appeal is denied and dismissed, the judgment of the Superior court is affirmed, and the papers in the case may be remanded to the Superior Court.

---

1. For a recent comprehensive discussion of the origin and continued vitality of the common law principle of necessity, *see United States v. Will,* —— U.S. ——, ——, 101 S.Ct. 471, 479–81, 66 L.Ed.2d 392, 404–05, (1980).

2. It is of course recognized that although members of the court as rulemakers have participated in the promulgation of a rule, the rule may be challenged in a litigated case. *Hanna v. Plumer*, 380 U.S. 460, 463–64, 85 S.Ct. 1136, 1140, 14 L.Ed.2d 8, 12 (1965); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946); *Board Of Overseers of the Bar v. Lee*, 422 A.2d 998, 1001 (Me.1980); 4 Wright & Miller, *Federal Practice and Procedure: Civil* § 1030 at 135 (1969).