WILLIAM A. LEWIS *vs.* JOSEPH H. PORTER *et al.*

JULY 13, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This petition for certiorari was brought by the petitioner to have this court review the action of the council of the city of Warwick in this state declaring vacant the offices of inspector of buildings and inspector of plumbing, which offices were held by the petitioner at the time of such action. The petition is directed against nine respondents as members of the city council and against one other respondent as the clerk of said city. The writ was issued and pursuant thereto the pertinent records were certified to this court.

The record discloses the following facts. On March 18, 1948 petitioner was duly confirmed by the city council, after nomination by the mayor, as inspector of buildings for a term ending January 3, 1949. He remained in office thereafter until it was declared vacant by resolution of the city council on May 5, 1950. On December 15, 1949 the council adopted a resolution which provided that the duties, powers and authority of the inspector of plumbing should be vested and incorporated in and added to those of the inspector of buildings. After the passage of this resolution petitioner performed and discharged the duties of inspector of plumbing in addition to those of inspector of buildings.

On April 10, 1950 six of the nine members of the council filed a written request with the mayor of Warwick to call a special meeting of the city council for the purpose of investigating the management of the building inspector's office and for taking necessary action thereon in accordance with the evidence disclosed. Pursuant to such request the mayor, through the city clerk, issued a call for such special meeting to be held April 13, 1950. At that time petitioner was presented with a list of certain specifications or charges to be investigated and upon which he was to be heard.

Testimony was thereafter taken and on May 5, 1950, after hearing and without any defense to the charges being presented by petitioner, the city council adopted a resolution finding petitioner guilty of certain of the charges

preferred against him and declaring vacant the offices of inspector of buildings and inspector of plumbing. The resolution further provided: "That the City Treasurer be and is hereby directed to make no payment to the said William Lewis for services subsequent to the effective date of this resolution. Except he shall be paid two weeks salary in addition to the pay due on the effective date of this resolution." The resolution was adopted by a roll-call vote of six to three. On May 5, 1950, the date of its passage, this resolution was presented to the mayor for his action thereon. It was returned to the city clerk on May 16, 1950 without the mayor's approval or rejection and thereby became effective in accordance with the provisions of the city charter.

Petitioner in his brief and oral argument made the following objections to the action of respondents: That acting as the city council of Warwick they exceeded their jurisdiction when they declared vacant by resolution the offices of the inspector of buildings and inspector of plumbing, and further that acting in such capacity they exceeded their jurisdiction when for the purpose of punishing petitioner for alleged neglect or violation of his duties "as inspector of buildings and/or inspector of plumbing" they declared such offices vacant by resolution and instructed the city treasurer to make no further payments to petitioner except as therein set forth.

The petitioner contends that the power to declare a vacancy in any municipal office is purely statutory, and if there is no applicable statute conferring such a power upon a municipal council the authority to declare an office vacant does not exist. He further contends that public laws 1931, chapter 1852, as amended, which is entitled "An Act To Establish The City Of Warwick," contains no power or authority conferred upon the city council of the city of Warwick to declare vacant an office which is provided for in the charter of that city.

The respondents contend that, while there is no express provision for removal of officers in the charter of the city of Warwick, such power of removal for cause is inherent in a municipal corporation and may be so exercised in the absence of an express prohibition to the contrary. Respondents contend further that power to provide punishment for a breach or dereliction of duties is conferred upon the city council by the charter of the city of Warwick, public laws 1931, chapter 1852, sec. 6, clause 2, which reads as follows: "The city council may make ordinances, rules and by-laws for the government of the city, *the management of its prudential affairs,* and for the good order of its people, *and provide punishment for breaches thereof,* and in like manner as towns and town and city councils are now authorized to do by general law, and as the town of Warwick is specially authorized to do by any act or acts of the general assembly." (italics ours)

In connection with respondents' first contention, petitioner argues that if any power of removal exists it can only be exercised by the appointing authority, which in this instance he claims is the mayor. We have examined carefully the language of the charter of the city of Warwick and are of the opinion that while the mayor is given the power to nominate certain city officers, the ultimate power of appointment or election is in the city council. Section 9 of the charter provides as follows:

"All appointments or elections of officers by the city council shall be made in the following manner, viz.: each officer shall be chosen on the basis of his general executive and administrative experience and ability and his education and training in the class of work he is to administer and he shall be nominated by the mayor and confirmed by the city council; provided, however, if the mayor's nominee shall fail to be confirmed by a majority vote of the city council, the mayor shall forthwith nominate a second and different person for the office to be filled and if the mayor's second choice shall also fail to be confirmed by a majority vote of the city council, the mayor shall nominate

a third person for the office to be filled and if the mayor's third choice shall also fail to be confirmed by the city council, said council shall within five days proceed to make its own appointment without the advice of the mayor."

It appears therefrom that the right of selection of such city officers by the mayor is in reality a limited one. If the city council does not approve the mayor's nomination it may, after three rejections, proceed to make its own appointment without the advice of the mayor. In such circumstances it is clear that there can be no finality to the mayor's nomination unless and until the council's approval is obtained. Therefore in the final analysis, taking into consideration the absolute power of the council to make their own appointments after three rejections of the mayor's nomination, that body under the charter has the real power to elect the city officer in question. In these circumstances we are of the opinion that the power of removal of officers elected by it is vested in the council by necessary implication.

Although not involving the action of a city council, a similar situation was presented in *Appeal of John H. Willard,* 4 R. I. 597. Petitioner, clerk of the school committee of the town of North Providence, appealed from a decision and vote of the school committee by which they declared his office, as clerk of such committee, *vacant,* after charges had been preferred against him and a hearing had been held thereon. In dismissing the appeal Chief Justice Ames, at page 601, stated: "I fully concur in the above opinion of the commissioner as to the power of the school committee of a town to remove their clerk, for just cause, after hearing, full opportunity having been given to him, upon charges presented, to defend himself against them. Such a power, with regard to such an officer, unless expressly forbidden by law, is incidental to the committee as necessary to enable it duly to perform its functions."

Upon like reasoning, we are of the opinion that similar powers are inherent in the city council of Warwick to

enable it to properly perform those functions prescribed by the charter and may properly be exercised by it, in the absence of statutory provision to the contrary. In the case at bar we do not find such a provision.

The general rule is that certiorari will lie to inquire whether there is any legal evidence to establish some essential fact, but will not lie to review findings of fact where any competent evidence is introduced to support them. In the instant case petitioner was found guilty of neglect of duty on twelve counts specified in the resolution declaring his office vacant. He had notice of the charges and ample opportunity to present his defense thereto. There was competent evidence presented to the city council tending to prove the charges upon which he was found guilty. In such circumstances we cannot weigh the evidence or review the findings of fact based thereon.

The petition for certiorari is denied, the writ heretofore issued is quashed, and the papers with our decision endorsed thereon are ordered returned to the respondents.

*Worrell & Hodge, Paul H. Hodge,* for petitioner.

*Hailes L. Palmer,* City Solicitor, for respondent.